### DICKSON v. DUNAWAY, superintendent.

ATKINSON, J. A plea of guilty was entered to an indictment charging a misdemeanor. A judgment was entered by the court, imposing sentence as follows: "W. L. Dickson, having pleaded guilty to a misdemeanor (having liquor in his possession), is this day sentenced to work in the chain-gang or at the State Farm for the period of twelve months, the time to be computed from his reception therein. However, after he serves six months of said period, the latter six months of said period is suspended, provided one thousand dollars as herein specified has been paid at the expiration of said six months sentence. However, it is hereby ordered that said defendant is herewith given leave to serve the aforesaid sentence outside the confines of the jail, chain-gang, or other place of detention, as the case may be, provided that the aforesaid person shall indulge no unlawful, disorderly, injurious, or vicious habits or conduct; shall avoid places and persons of disreputable or harmful character; shall report to the probation officer as directed; shall not leave the jurisdiction of the court without permission; and shall observe such other conditions as are specified below, or as may at any time be required by the court, the judge thereof, or the probation officer, as provided by the act of the legislature set forth in the Acts of 1913, page 112. The probationer while thus under the supervision of the court shall pay a fine to the amount of one thousand dollars as a condition precedent before this probationary sentence shall be operative. The probationer shall be subject to the future order of the court, as provided by the act of 1913, page 112, of the legislature of said State. Judgment is rendered for said one thousand dollars, and execution is ordered to issue by the clerk of this court for said one thousand dollars, as provided by law. J. M. Jackson, sheriff of said county, is hereby appointed probation officer of said defendant, as provided by said act of the legislature." *Held:*

1. The judgment or sentence construed in its entirety provides for a discharge of the defendant on probation after he has served six months of a term of twelve months in the chain-gang or other place of detention, provided the defendant on or before the expiration of said six months shall have paid a fine of one thousand dollars. The words "suspended" and "aforesaid" were not used in a technical or literal sense, but both were used with reference to parole of the defendant for the latter six months of the twelve months term. Giving to them such significance, the parole that was provided for related only to the latter six months of the term.

2. Applying the ruling in the preceding note, in this habeas corpus proceeding instituted and tried after the adjournment of the court at which the sentence was imposed, and after the defendant had commenced serving his term but before expiration of the first six months of the sentence, the defendant was not entitled to a discharge on parole upon the payment of the fine of one thousand dollars.

3. The judge of the habeas corpus court did not err in remanding the prisoner to the custody of the officer.

                     *Judgment affirmed. All the Justices concur.*

              No. 5273. APRIL 19, 1926.

Habeas corpus. Before Judge Park. Baldwin superior court. December 28, 1925.

*John C. Lewis* and *Allen & Pottle,* for plaintiff.

*Joseph B. Duke, solicitor-general,* for defendant.