## 17500.   DICKSON *v.* OFFICERS OF COURT.

Where a sentence in a misdemeanor case provided that the defendant should work upon the chain-gang or at the State farm for twelve months, but that after serving six months of the term, the remaining six months might be served on probation, "provided $1,000 as herein specified has been paid at the end of said six months' sentence," a fine of $1,000 being imposed "as a condition precedent before this probationary sentence shall be operative," and where the sentence contained the statement, "Judgment is hereby rendered for said $1,000, and execution is ordered to issue by the clerk of this court for said $1,000 as provided by law," *held:* The imposition of the fine was unconditional, and the State was authorized to enforce payment thereof by execution, although the defendant, after serving the first six months, declared his intention to serve in actual confinement the entire sentence of twelve months, claiming that his service of the last six months was in lieu of the fine.

DECIDED JANUARY 24, 1927.

Affidavit of illegality; from Hancock superior court—Judge Park. May 29, 1926.

Application for certiorari was denied by the Supreme Court.

*John C. Lewis, Allen & Pottle,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

BELL, J.   W. L. Dickson entered a plea of guilty to an indictment charging a misdemeanor; thereupon the court entered the following judgment and sentence: "W. L. Dickson is this day sentenced to work in the chain-gang, or at the State farm, for a period of twelve months, the time to be computed from his reception therein. However, after he serves six months of said period, the latter six months of said period is suspended, provided $1,000 as herein specified has been paid at the expiration of said six months' sentence. However, it is hereby ordered that said defendant is herewith given leave to serve the aforesaid sentence out-

---

Fines, Forfeitures and Penalties, 25 C. J. p. 1162, n. 18.

side the confines of the jail, chain-gang, or other place of deten-
tion, as the case may be, provided that the aforesaid person shall
indulge in no unlawful . . conduct. The probationer while
thus under the supervision of the court shall pay a fine to the
amount of $1,000 as a condition precedent before this probationary
sentence shall be operative. The probationer shall be subject to
the future order of the court, as provided by the act of 1913, p.
112, of the legislature of this State. Judgment is rendered for
said $1,000, and execution is ordered to issue by the clerk of this
court for said $1,000, as provided by law." The defendant was
assigned to service on the State farm, and, after having commenced
serving his term, but before the expiration of the first six months,
tendered to the proper officer the amount of the fine, on the con-
dition that he be released from his imprisonment. The tender was
refused, and he brought a petition for habeas corpus against B. H.
Dunaway, superintendent. On the trial of that proceeding the
judge remanded him to the custody of the officer, and he sued out
a writ of error to the Supreme Court. See *Dickson* v. *Dunaway,*
162 *Ga.* 210 (132 S. E. 911). The Supreme Court, in passing
upon the case as then presented, held as follows: "The judgment
or sentence construed in its entirety provides for a discharge of
the defendant on probation after he has served six months of a
term of twelve months in the chain-gang or other place of deten-
tion, provided the defendant on or before the expiration of said six
months shall have paid a fine of one thousand dollars. The words
'suspended' and 'aforesaid' were not used in a technical or literal
sense, but both were used with reference to parole of the defendant
for the latter six months of the twelve-months term. Giving to
them such significance, the parole that was provided for related
only to the latter six months of the term."

The defendant having refused to pay the fine except upon the
terms and conditions of the tender made by him, an execution was
issued therefor in pursuance of the sentence and was levied on
property of the defendant. Thereupon he filed an affidavit of ille-
gality, in which he set up, that, under the provisions of the sen-
tence, he had an election to pay the fine and serve the last six
months of the sentence on probation, or, in lieu of such payment,
to execute this part of the sentence, as he did the previous part, in
actual servitude; that he had served the twelve months except about

five months, and that he intended to do actual service of the remainder. His affidavit further alleged that he was not liable to pay the fine and, in addition, to serve the entire sentence, and that upon the expiration of his twelve months' servitude on the State farm, the judgment and sentence of the court would be fully executed. The court sustained a general demurrer to the affidavit of illegality, and the defendant excepted.

As has been seen above, the Supreme Court adjudicated that the prisoner was bound to serve the first six months of his sentence in the chain-gang or at the State farm, but that he might serve the last six months on probation, "provided the defendant on or before the expiration of the said six months shall have paid the fine of one thousand dollars." The question to be determined in the present case is whether the defendant could elect either to pay the fine or in lieu thereof to actually serve the last six months of his sentence. The court below held that the payment of the fine was mandatory; and with this construction of the sentence we agree. The court had the power to pass upon the defendant a sentence of twelve months in the chain-gang, and also to impose a fine of not exceeding $1,000. Penal Code (1910), § 1065. The court, having the power to do both, could do less than both, and could do so without giving the defendant any election as to paying or refusing to pay the fine. In our opinion, the judgment under construction said to the defendant that he should in any event do actual service in the chain-gang or at the State farm for six months; also that he should pay a fine of $1,000, the State's right to demand which was without condition; but that upon the payment of this fine, whether made voluntarily or involuntarily, he might, upon certain other conditions, pertaining to his good behavior, etc., serve on probation the last six months of his sentence. He had no election as between paying the fine and actually serving the last half of his sentence. Otherwise it would have been idle for the court to render judgment for the amount of the fine and to order that execution issue therefor. This is not to give effect merely to that clause of the sentence to which we have just alluded. We have construed the sentence in its entirety, and we think, as stated above, that it was the intention of the court, in passing the sentence, to impose two penalties unconditionally, one as to the service of the first six months, and the other as to payment of the fine; and that

while the defendant was to be permitted to serve on probation the last six months of his sentence, provided the fine was paid, it was not the intention of the court to permit the defendant to say whether the fine should be paid or not. If the defendant did not voluntarily pay the fine, the State was authorized to enforce payment by execution, and if it succeeded in doing so, the defendant was entitled to the benefit of the probation feature of the sentence as to the last six months thereof, as though he had paid the fine voluntarily. He was not to be so entitled, however, if it turned out that he refused to pay the fine and also that the State was unable to enforce payment by execution.

Where one is convicted of a misdemeanor, and the judgment is unconditional that he pay a fine, the judge, if payment is refused, has the power to order the clerk of the court to issue an execution against the property of the defendant, to enforce collection. *McMeekin* v. *State*, 48 *Ga.* 335 (1).

From what has been said, the affidavit of illegality was properly stricken.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*