## 35646. O'DILLON v. THE STATE.

UNDERCOFLER, Presiding Justice.

O'Dillon was convicted of the murder-for-hire of Betty Parsons in Barrow County and sentenced to life imprisonment. He appeals, enumerating three errors. We affirm.

The facts upon which this appeal is based are fully set out in *Gunter v. State,* 243 Ga. 651 (256 SE2d 341) (1979).

1. The trial court did not abuse its discretion in permitting the sheriff, a state's witness, to remain in the courtroom upon its own motion after the sequestration rule was invoked and testify after eleven state's witnesses following timely objection by appellant.

Appellant invoked the "rule" at the commencement of trial and the state mentioned the sheriff would be a witness.[1] Before the district attorney could offer support for his request to except the sheriff, the court instructed the parties: "I'm going to require that the sheriff remain in the courtroom to assist the court and for security reasons." Appellant objected to the sheriff's presence after the district attorney confirmed he would use the sheriff as a witness and to the denial of his demand that the sheriff be required to testify first. These objections were overruled. The district attorney did not request the sheriff be permitted to testify later or offer any reason upon which the trial court could base its decision to overrule appellant's objection.[2] Following the testimony of eleven

---

[1] The state also requested a GBI agent, the principal investigator, be permitted to remain, justifying the request on grounds the agent was needed to assist with the trial and other reasons. Appellant objected on the ground the agent was not the prosecutor and he also insisted if the agent were permitted to remain, he be required to testify before other witnesses. These objections were overruled. Appellant repeated these objections as to the sheriff and was overruled without argument by the district attorney to show need. Appellant does not contest the GBI agent's presence on appeal.

[2] At pretrial hearings, the sheriff had been sequestered.

state's witnesses, the sheriff was called to the stand over objection that he had heard all the testimony of the previous witnesses and testified. Later, following testimony by the defendant from the stand in his own defense, the sheriff was recalled as a rebuttal witness.

Appellant argues that the sheriff's testimony as a "summarizing witness" and later as a "rebuttal witness" was inherently unfair as violative of the rule of sequestration and due process.

(a) The trial court did not abuse its discretion in permitting the sheriff to remain upon its own motion. The court's reasons for making the exception, i.e., to "assist the court and for security reasons," were sufficient to support a conclusion the judge exercised his discretion "to prevent the impairment of the efficiency of the court." Code Ann. § 38-1703; *Poultryland, Inc. v. Anderson,* 200 Ga. 549 (37 SE2d 785) (1946). Accord, *Cornett v. State,* 218 Ga. 405 (2), 407 (128 SE2d 317) (1962); see also *Askew v. State,* 3 Ga. App. 79 (3) (59 SE 311) (1907).

(b) Pretermitting the question of whether the court erred in permitting the sheriff to testify at a later time during the trial and to be used as a rebuttal witness, we conclude after a careful review of the evidence failure to have the sheriff testify first was harmless. We also find the evidence was sufficient to support a conclusion that a rational trier of fact could have found defendant guilty beyond a reasonable doubt of the murder-for-hire of Betty Parsons. Jackson v. Virginia, —— U. S. —— (99 SC 2781, 61 LE2d 560) (1979).

2. Wayne Self was approached by O'Dillon and Whitehead to procure a high-powered rifle for them to use in the murder. He called police instead. To obtain more explicit information about the identity of the proposed victim, police placed a "body-bug" on Self. No warrant was obtained to authorize the electronic surveillance. Twice, Self met with the co-conspirators but was unsuccessful in getting O'Dillon or Whitehead to name the victim. These conversations were transmitted to remote police officers and recorded portions of this evidence were introduced at trial.

Appellant complains this electronic surveillance constituted an illegal search and seizure in violation of

the Fourth Amendment to the Federal Constitution and was not authorized under Code Ann. § 26-3001 et seq. He concedes the holdings in *Mitchell v. State,* 239 Ga. 3 (235 SE2d 509) (1977); *Orkin v. State,* 236 Ga. 176 (223 SE2d 61) (1976); and *Cross v. State,* 128 Ga. App. 837 (198 SE2d 338) (1973), are contrary to his contentions, but he suggests we reconsider those decisions because they were "erroneously" based upon an incorrect interpretation of United States v. White, 401 U. S. 745 (91 SC 1122, 28 LE2d 453) (1971). We conclude White, supra, is properly applied in the cases, and we decline to reconsider them.[3]

This case is controlled by the "one-party consent" rule set forth in Code Ann. § 26-3006.

3. A careful review of this record and transcript does not support appellant's contention that the confession signed jointly by O'Dillon and Whitehead was the result of gross coercion; resulted from an impermissible reference to a possibility of reward if he confessed; or was made without an affirmative waiver of his constitutional rights. The trial court made an independent finding at a Jackson-Denno hearing that O'Dillon's signed waiver of his right to counsel and subsequent confession, taken down by an officer, sentence by sentence, in the presence of and with the concurrence of the two conspirators as to its accuracy, were freely and voluntarily made. The jury was also instructed to determine the voluntariness issues prior to any consideration of the confession and resolved any conflict in the evidence presented contrary to appellant's contentions. There was no error.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 14, 1980 — DECIDED
FEBRUARY 27, 1980.

---

[3]Appellant argues that United States v. White, supra, was decided on factual issues occurring prior to Katz v. United States, 389 U. S. 347 (88 SC 507, 19 LE2d 576) (1967). He contends the principles in Katz, supra, are controlling here. However, White has spawned numerous cases following Katz that endorse and expand the holdings in White.

*Cook, Noell, Bates & Warnes, Edward D. Tolley,* for appellant.

*Nat Hancock, District Attorney, Richard J. Burkett, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.