## 36689. HIGH v. THE STATE.

CLARKE, Justice.

The appellant, Jose Martinez High, was tried by a jury in the Superior Court of Taliaferro County for the offenses of murder, two counts of kidnapping with bodily injury, armed robbery, possession of a firearm during the commission of a crime and aggravated assault. He was convicted of all charges and sentenced to death for armed robbery, murder and two counts of kidnapping. The appellant was also sentenced to five years imprisonment on the charge of possession of a firearm during the commission of a crime and ten years imprisonment on the aggravated assault charge. The case is here on direct appeal and for mandatory review of the death sentences imposed. The facts surrounding the crimes charged and the death of the young victim are amply set out in the companion case of *Ruffin v. State,* 243 Ga. 95 (252 SE2d 472) (1979), and will not be repeated here.

### Enumerations of Error

1. The defendant was not denied due process of law as claimed by the peremptory striking of some black potential traverse jurors. Swain v. Alabama, 380 U. S. 202 (85 SC 824, 13 LE2d 759) (1965); *Taylor v. State,* 243 Ga. 222 (253 SE2d 191) (1979); see also *Willis v. State,* 243 Ga. 185 (253 SE2d 10) (1979); *Jones v. State,* 243 Ga. 820 (256 SE2d 907) (1979).[1]

2. Appellant's attorney upon motion sought funds to hire investigators and obtain expert witnesses. The only evidence presented by the appellant in support of his motion was as to the size of the district attorney's staff, the resources available to the district attorney, and the amount of salaries paid to the district attorney and his staff. The state presented evidence that the appellant was represented by a retained attorney who was assisted by two paid law student interns supplied by the Southern Poverty League. Expert testimony was not crucial to the state's case and no showing was made as to the need for expert testimony on behalf of the appellant. "The

---

[1] We note that four of the twelve petit jurors selected were black and one of the two alternates selected was black.

granting or denial of a motion for appointment of expert witnesses lies within the sound discretion of the trial court. Unless there has been an abuse of discretion, the trial court's ruling will be upheld." *Patterson v. State,* 239 Ga. 409 (3) (238 SE2d 2) (1977). The appellant has made no showing of prejudice and his second enumeration is therefore without merit. *Whitaker v. State,* 246 Ga. 163 (269 SE2d 436) (1980).

3. Thirty-two potential jurors of appellant's race were excluded for cause under Witherspoon during the voir dire process. Appellant moved for a continuance to secure additional members of his race for possible jury service. The trial court denied the motion and the appellant asserts error.

When it became apparent that it was necessary to impanel additional jurors because of the number of jurors who were challenged for cause, the trial court drew additional names from the jury box to fill the deficit. Appellant makes no contention that the persons selected were not competent veniremen properly drawn to sit on the panel. Nor does he contend that the jury list was improperly constituted. "A defendant is entitled to an array of properly drawn, impartial jurors to which he may direct his peremptory challenges. [*Franklin v. State,* 245 Ga. 141 (263 SE2d 666) (1980)]. A party is entitled to this as a matter of right; but, conversely, he is entitled to no more." *Dampier v. State,* 245 Ga. 427, 433 (265 SE2d 565) (1980). Appellant's third enumeration is without merit. Taylor v. Louisiana, 419 U. S. 522 (95 SC 692, 42 LE2d 690) (1975).

4. In his fourth enumeration of error, the appellant contends that the trial court erred in failing to grant his motion for new trial. We do not agree.

We find upon review of the evidence in light most favorable to the verdict, a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. Jackson v. Virgina, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Sentence review ante. At trial, the surviving victim, Henry Phillips positively identified the defendant as being one of the three persons who robbed the gasoline station and subsequently shot him and his stepson. The witness testified that the appellant was the person who pointed a pistol in his face immediately after the three robbers drove into the station and asked for gas. He further testified that the station was well lit.

The appellant contends that the trial court erred in permitting the witness to identify the defendant at trial in that an adequate basis for determining the reliability of such identification was lacking. He bases this contention upon the witness' wearing of glasses and excited state during the crime. However, these factors go to the witness'

credibility and the weight of his testimony and not to the admissibility of his testimony. See Watkins v. Sowders, —— U. S. —— (—— SC ——, 66 LE2d 549) (1981); 28 CRL 3037; *Gresham v. State,* 246 Ga. 574 (272 SE2d 308) (1980). The record in this case simply does not support a contention that the identification procedure was impermissibly suggestive. *Thomas v. State,* 245 Ga. 688 (266 SE2d 499) (1980); *McClesky v. State,* 245 Ga. 108 (263 SE2d 146) (1980); *Burrell v. State,* 239 Ga. 792 (239 SE2d 11) (1977).

5. At the *call of the case* and prior to a jury being impaneled but in the presence of the veniremen, the trial court ruled on the appellant's motion for in camera inspection. The trial court stated in its ruling that it found nothing exculpatory or favorable to the defendant in the files of the district attorney. Appellant then moved for a dismissal of the indictment or in the alternative to continue the case until such time as a new panel which had not heard the court's ruling could be obtained. The court overruled the objection and instructed all members of the jury panel present in the courtroom that they were not to be concerned with the rulings of the court in that such rulings were not an expression of opinion by the court of the facts of the case.

The appellant argues that the ruling of the trial court amounted to an impermissible expression of opinion prohibited by Code Ann. § 81-1104. We do not agree. It is clear from the record that the trial judge was not expressing an opinion but ruling upon the motion which had been made by the appellant. *Wright v. State,* 223 Ga. 849 (159 SE2d 76) (1968). See *Tucker v. State,* 245 Ga. 68 (263 SE2d 109) (1980); *Whisman v. State,* 221 Ga. 460 (145 SE2d 499) (1965).

6. It is clear from the voir dire examination that the jurors excused for being conscientiously opposed to the death penalty were irrevocably committed before the trial began to vote against the death penalty regardless of the facts and circumstances that might emerge in the course of the proceedings. Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) (1968); *Thomas v. State,* 245 Ga. 688, supra; Davis v. Georgia, 429 U. S. 122 (97 SC 399, 50 LE2d 399) (1977); *Corn v. State,* 240 Ga. 130 (240 SE2d 694) (1977).

While not raised as error, as in part of our independent review, we have noted that a juror was excused over objection by the trial court on the grounds that she was incompetent to serve. During voir dire, the prospective juror, in responding to the trial court's inquiry, stated that she could not understand the questions of a most elementary nature that were propounded by either the defense counsel or counsel for the state. It was evident that this juror could not understand the nature of the proceedings, and we find no error in the court upon its own motion excusing her. Code Ann. § 59-106.

*Welch v. State,* 237 Ga. 665 (229 SE2d 390) (1976); *Patterson v. State,* 239 Ga. 409, supra. See *Barrow v. State,* 239 Ga. 162 (236 SE2d 257) (1977).

The appellant argues that the trial court erred in refusing to allow him to question each prospective juror on voir dire outside the presence of the other jurors. Such matters are necessarily within the sound discretion of the trial court. *Finney v. State,* 242 Ga. 582 (250 SE2d 388) (1978); *Green v. State,* 246 Ga. 598 (272 SE2d 475) (1980). We find upon review of voir dire that the trial court did not abuse its discretion in denying the appellant's motion especially in view of the trial court's instructions to the panel that the questions of counsel were merely aids in selecting an impartial jury and that members of the panel were to give no consideration whatsoever to what was said during voir dire, insofar as the trial of the case was concerned. Nor has the defendant shown "substantial prejudice" by the court's failure to allow sequestered voir dire. *Duckworth v. State,* 246 Ga. 631 (272 SE2d 332) (1980).

The appellant contends that the trial judge abused his discretion in limiting voir dire examination of prospective jurors. We do not agree. The trial judge upon proper objection refused to allow the examination of veniremen with regard to burden of proof, reasonable doubt and questions of evidence. These were technical legal questions and therefore prohibited. *Stack v. State,* 234 Ga. 19 (214 SE2d 514) (1975); *Cobb v. State,* 244 Ga. 344 (260 SE2d 60) (1979). Likewise, defense counsel was prohibited from asking questions which were attempts to obtain a prejudgment of his case, which is impermissible. *Pinion v. State,* 225 Ga. 36 (165 SE2d 708) (1969); *Cobb v. State,* supra.

The trial court did not err in allowing the state to qualify the prospective jurors as to kinship with the other two co-defendants. Contrary to appellant's argument, such qualification could not have prejudiced appellant as the participation of the co-defendants in the crime was a necessary part of the state's proof.

7. During opening argument, the district attorney introduced himself by saying in part, "I've been your district attorney for the last nineteen years." The appellant's attorney objected as he objected to other remarks of the district attorney throughout the trial as improper argument. The record simply does not support the contention of appellant that the remarks of the district attorney were made with disturbing frequency or made a mockery of the proceeding. In each instance the trial court admonished the district attorney concerning any improper argument. This enumeration is without merit. See *Watkins v. State,* 237 Ga. 678 (229 SE2d 465) (1976); *Dorris v. State,* 237 Ga. 837 (229 SE2d 638) (1976); *Fears v.*

*State,* 236 Ga. 660 (225 SE2d 4) (1976); *Shirley v. State,* 245 Ga. 616 (266 SE2d 218) (1980).

8. The appellant contends that the trial court erred in permitting state's witnesses to remain in the courtroom after the rule of sequestration had been invoked. This same argument was raised in *Ruffin v. State,* 243 Ga. 95, supra, and decided adversely to appellant's position. The district attorney requested that the chief investigating officer remain in the courtroom in order to assist the state in the presentation of its case. The sheriff was allowed to remain in the courtroom in his official capacity. *Hardy v. State,* 245 Ga. 272 (264 SE2d 209) (1980); *Hardy v. State,* 245 Ga. 673 (266 SE2d 489) (1980); *O'Dillon v. State,* 245 Ga. 342 (265 SE2d 18) (1980). See *Dampier v. State,* 245 Ga. 427, supra.

9. The appellant argues that the trial court erred in admitting certain items into evidence. These items included photographs of the co-conspirators, the guns of the co-conspirators, tires and tire prints from the car used in the robbery, evidence of fingerprints taken from the automobile used in the robbery and the money tray which was found after the crime. Evidence of the weapons used by the co-defendants, the car driven by the co-defendants with their fingerprints located thereon and photographs of the co-defendants were properly admitted as part of the state's proof as to the conspiracy to rob the service station and kill the witnesses. See *Ruffin v. State,* 243 Ga. 95, supra. The gist of appellant's objection to the introduction of the money tray, tires and tire prints is that they were not positively identified as the money tray which came from the service station and that the witnesses could not positively testify that the tire prints were made by the tires found on the automobile used in the robbery. However, the state introduced evidence to show that the money tray was either the money tray in the service station or one identical to it and that the tires were of the same brand and type as the tires which made the prints taken from the scene. The trial court did not err in admitting such evidence. *Patterson v. State,* 233 Ga. 724 (213 SE2d 612) (1975). See *Ruffin v. State,* supra.

10. The appellant contends that the trial court erred in admitting the testimony of agent Monahan of the G. B. I. in that such testimony was hearsay. We do not agree. The agent testified that he observed Dr. Carrington at the university hospital emergency room remove a projectile from the wrist of one of the victims, and he took custody of that projectile. Such testimony is not hearsay.

11. The appellant contends that the trial court erred in imposing the sentence of death in that under the Georgia statute as applied, there is a substantial risk that the death penalty will be inflicted in an arbitrary and capricious manner. This argument has

been raised before and decided adversely to the appellant's position. *Gregg v. Georgia,* 428 U. S. 153 (96 SC 2909, 49 LE2d 859) (1976); *Hance v. State,* 245 Ga. 856 (268 SE2d 339) (1980); *Cape v. State,* 246 Ga. 520 (272 SE2d 487) (1980).

12. The appellant alleges that Count 1, armed robbery, merged with Count 2, possession of a firearm during the commission of a crime. We agree. Where one is charged with armed robbery and a separate crime of possession of a firearm during the commission of a crime, the possession count may or may not be included in the greater crime of armed robbery. Whereas here, the evidence discloses that the crime of armed robbery was committed with the same firearm as that for which the appellant is charged with possessing, the lesser crime of possession of a firearm during the commission of a crime is included in the greater crime of armed robbery. *Roberts v. State,* 228 Ga. 298 (185 SE2d 385) (1971); *Chumley v. State,* 235 Ga. 540 (221 SE2d 13 (1975); Code Ann. § 26-506. However, Count 6, aggravated assault upon the person of Henry Phillips, does not merge as a matter of law or fact with Count 1, armed robbery. *Roberts v. State,* supra. Furthermore, under the evidence of this case, the kidnapping of Bonnie Bulloch with bodily injury did not merge as a matter of law or a matter of fact with the armed robbery of the service station.

Appellant contends under Code Ann. § 26-506 the evidence of the murder, Count 5 of the indictment, cannot be used as the basis for the separate conviction of the murder count and also to authorize a conviction of kidnapping with bodily injury to the murder victim. *Allen v. State,* 233 Ga. 200 (210 SE2d 680) (1974); *Presnell v. State,* 241 Ga. 49 (243 SE2d 496) (1978). See *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974). The kidnapping indictment in this case alleges the bodily injury to be the murder of the victim. In *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978), the defendant was convicted for the murder of Michael Priest and kidnapping with bodily injury of Michael Priest. The bodily injury alleged was the killing of the victim. We held in *Potts* that as a matter of fact, as well as a matter of law, the murder of the victim and the kidnapping of the victim with bodily injury were not included offenses so as to bar the defendant from being prosecuted and subsequently convicted of both crimes. This conclusion was reached because neither of the crimes could have been established by proof of the same or less than all of the facts required to establish the commission of the crime charged. Code Ann. § 26-505 (a). The murder required a finding of malice aforethought but the kidnapping required no such finding. The kidnapping required a finding of unlawful abduction, while such a finding is not necessary for the conviction for murder. We here follow the rule established in *Potts* and hold that the conviction and sentence of death for murder

and kidnapping with bodily injury must be affirmed.

The same rationale does not apply to the conviction for kidnapping with bodily injury and the conviction for aggravated assault of Henry Phillips. This is true because the elements of the crime of aggravated assault must have been proven in order to sustain a conviction for the crime of kidnapping with bodily injury. Therefore, the aggravated assault in this case is an included offense of the crime of kidnapping with bodily injury and the conviction for aggravated assault, Count 6 of the indictment, is reversed. *Williams v. State,* 238 Ga. 244 (232 SE2d 238) (1977).

In his last enumeration of error, the appellant urges that Code Ann. § 38-411 is unconstitutional on its face and in its application in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States. That Code section reads as follows: "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." The appellant argues that because the statute on its face or as applied does not provide for a determination of the "reliability" of the confession as a condition of admissibility that it is unconstitutional. He cites no authority for his position, and this court has not found any. He argues furthermore that the Code section makes the confession admissible once the "featherweight" determination of voluntariness has been made for all purposes thereby creating an irrebuttable presumption of "reliability" in violation of the rule of Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). This enumeration is without merit. Code Ann. § 38-420.

Finally, the appellant argues that the state failed to carry its burden as to a motion to suppress and that the state did not prove the legality of his arrest which ultimately led to the appellant's confession. However, the legality of the arrest complained of had been adjudicated in the state's favor. *State v. High,* 145 Ga. App. 772 (244 SE2d 888) (1978).

### Sentence Review

As required by Georgia Laws 1973, p. 159, et seq. (Code Ann. § 27-2537 (c) (1-3)), we have reviewed the death sentence in this case. We have considered the aggravating circumstance found by the jury, the evidence concerning the crimes, and the defendant pursuant to the mandate of the statute. We conclude that the sentences of death imposed in this case were not imposed under the influence of passion, prejudice or any arbitrary factor.

The jury found the following aggravating circumstance as to Counts 1, 3, 4 and 5. "The offense of murder, armed robbery and

kidnapping was outrageously or wantonly vile, horrible and inhuman in that it involved torture, depravity of mind, and an aggravated battery to the victim." Code Ann. § 27-2534.1 (b) (7).

The evidence, if it is to be believed, shows that the appellant and his two co-indictees planned the armed robbery on the night in question with the express purpose of eliminating any witnesses to the crime. They abducted an eleven-year-old child along with his stepfather at gunpoint. The victim was fifty-six inches tall and weighed seventy pounds. As they drove the victims to the execution site, the young boy rode inside the automobile with the appellant while his stepfather was locked in the trunk. The appellant in his statement said he thought the boy was too young, but he kept asking him as they rode, "Are you ready to die? Do you want to die? Well, you're going to die." He stated that the boy was begging for his life. Once the three robbers reached a rural area, the victims were removed from the car, marched around to the front of the automobile and forced to lie on their faces. They were then shot in the head in a cold-blooded execution fashion. The murder victim's stepfather, however, was not fatally injured.

In that the sentence of death in this case rests upon findings of Code Ann. § 27-2534.1 (b) (7), the jury's finding of that aggravating circumstance must be reviewed in light of the Supreme Court decision in Godfrey v. Georgia, 446 U. S. 420 (100 SC 1759, 64 LE2d 398) (1980); Hance v. State, 245 Ga. 856, supra.

Evidence of psychological abuse by the defendant to the victim before death where it is shown to have resulted in severe mental anguish to the victim in anticipation of physical harm may amount to serious physical abuse (i.e. torture to the victim) and will support a finding of depravity of mind of the defendant. Hance v. State, supra.

In determining whether the evidence shows "depravity of mind," the age, and the physical characteristics of the victim may be considered. Hance v. State, 245 Ga. 856, supra; Thomas v. State, 245 Ga. 688, supra. We find from the evidence in this case, that the serious psychological abuse by the appellant to the victim before death, especially in view of the victim's young age, and physical characteristics, supports beyond a reasonable doubt the jury's finding of torture and depravity of mind on the part of the appellant. We further find that this murder and kidnapping with bodily injury was outrageously or wantonly vile, horrible or inhuman in that it is distinguishable from ordinary murders and kidnapping with bodily injury for which the death penalty is not appropriate. While the victim died relatively instantaneously, he was a young child and not a member of the appellant's family. He was not subjecting the appellant to any emotional trauma nor giving the appellant any

reason whatsoever to assault him. The appellant showed no remorse for the killing, but rather bragged that "he wanted to be the most famous black ringleader in the world." Under the evidence of this case, there is no doubt that the kidnapping and murder were of the type universally condemned by civilized societies as outrageously or wantonly vile or inhuman.

We find the evidence factually substantiates and supports the finding of this aggravating circumstance and the sentences of death by a rational trier of fact beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307, supra. We have thoroughly reviewed the instruction of the trial court during the sentencing phase of the trial and find that the charge was not subject to the defects dealt with in *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1978) and *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1978).

As part of our independent review, although not enumerated as error, we note that the appellant received a death penalty for armed robbery from the person of Henry Phillips, Count 1 of the indictment, and kidnapping with bodily injury of Henry Phillips, Count 4 of the indictment. The death sentence received by appellant under Count 1 and Count 4 of the indictment must be set aside and remanded to the trial court with the direction that appellant be resentenced to life imprisonment as to Count 4 of the indictment, the only permissible punishment remaining under the kidnapping statute, and that the trial judge sentence appellant for the offense of armed robbery as provided by law. *Peek v. State,* 239 Ga. 422 (238 SE2d 12) (1977). We find no prejudice to the defendant by resentencing as to these counts or the reversal of the count in Division 12 herein as the evidence of such crimes was necessarily before the jury. *Collier v. State,* 244 Ga. 553 (261 SE2d 364) (1979). In addition, we point out that we are here ordering the reduction of sentences and not the disallowance of an aggravating circumstance.

In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed for murder. The appellant by his own admission was the leader of the criminal enterprise and was an active participant in all aspects of the armed robbery, kidnapping, and murder of the victim. The kidnapping and murder was of a young child who had been taunted with the prospect of his own death while he was in the process of being abducted and taken to the execution site. We find that these similar cases set forth in the Appendix, in addition to those similar cases set forth in the Appendix to the companion case of *Ruffin v. State,* 243 Ga. 95, supra, support the affirmance of the death penalty. After careful review in considering both the crime and the defendant, we find no material difference

between this case and the companion case of *Ruffin v. State,* supra, insofar as the imposition of the death penalty is concerned. Jose High's sentence to death for kidnapping with bodily injury in which the victim was murdered, and murder, is not excessive or disproportionate to the penalty imposed in similar cases considering both the crime and the defendant. See *Potts v. State,* 241 Ga. 67, supra.

*Judgment affirmed in part, reversed in part, vacated and remanded in part. All the Justices concur, except that as to Divisions 6, 8 and 12, Hill, P. J., concurs in the judgment only. Gregory, J., not participating.*

DECIDED FEBRUARY 24, 1981 —
REHEARING DENIED MARCH 13, 1981.

*John H. Ruffin, Jr.,* for appellant.
*Kenneth E. Goolsby, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

APPENDIX.
*Ruffin v. State,* 243 Ga. 95 (252 SE2d 472) (1979); *Fair v. State,* 245 Ga. 868 (268 SE2d 316) (1980); *Patrick v. State,* 245 Ga. 417 (265 SE2d 553) (1980); *Dampier v. State,* 245 Ga. 427 (265 SE2d 565) (1980), Addendum — 245 Ga. 882 (268 SE2d 349) (1980).