## 41729. BROWN v. FRANCIS.
### (326 SE2d 735)

MARSHALL, Presiding Justice.

This is a habeas corpus proceeding. The appellant, Nathan Brown, is presently under a death sentence for his participation in the armed robbery of a gas station, the kidnapping with bodily injury of the station operator, and the kidnapping and murder of the operator's 11-year-old stepson. The appellant's case is here following our grant of his application for certificate of probable cause to appeal the superior court's dismissal of his habeas petition. These are the facts.

The appellant Brown, as well as Jose High and Judson Ruffin, were convicted in separate trials of multiple offenses arising from their criminal spree.[1] See *Brown v. State*, 247 Ga. 298 (275 SE2d 52) (1981); *High v. State*, 247 Ga. 289 (276 SE2d 5) (1981); *Ruffin v. State*, 243 Ga. 95 (252 SE2d 472) (1979).

As stated in our opinion in the appellant's direct appeal, "Under the evidence in this case, the appellant and his two co-conspirators planned the armed robbery of the service station with the express intent to eliminate any witnesses to the crime. They kidnapped the manager of the station along with his 11-year-old stepchild at gunpoint. The young boy, Bonnie Bulloch, was 56 inches tall and weighed 70 pounds. The stepfather was placed in the trunk of the car while the young boy rode inside the vehicle with his abductors . . . When the robbers reached the execution site, the boy's stepfather attempted to go to him, but was struck in the stomach by the butt of a shotgun wielded by the appellant. Both victims in the case were forced to lie on their faces on the ground in front of the automobile at gunpoint and were shot in the head in a cold-blooded, execution fashion. According to the appellant's statement, as the three then drove away from the site, they laughed about the murder. All of the conspirators were laughing, and the appellant related to the others, 'we ain't got nothing to worry about, they're both dead.' One of the conspirators

---

[1] At trial, the appellant was convicted of murder, armed robbery, aggravated assault, possession of a firearm during the commission of a crime, and two counts of kidnapping with bodily injury. He was given the death penalty for the murder, kidnapping, and armed robbery convictions. He was sentenced to terms of imprisonment for the aggravated assault and possession-of-firearms convictions.

On direct appeal, we set aside the possession-of-firearms conviction as having merged into the armed-robbery conviction. The death sentences for armed robbery and for one of the kidnapping convictions were also set aside. In addition, the aggravated-assault conviction was set aside as having merged into the offense of kidnapping with bodily injury upon the same victim as the assault.

In this appeal, by order we directed that the death penalty for the other kidnapping convictions be set aside on the ground that the trial court charged the jury on simple kidnapping and not kidnapping with bodily injury. Thus, the only extant death penalty against the appellant is the one for murder.

told the appellant that he put three .32-caliber bullets into the boy's head and two into the man's head. The appellant then told Jose High that he should not have cut loose with both barrels of his shotgun, as 'one should have been enough with those .32's.' " *Brown v. State*, 247 Ga., supra at p. 303.

The jury's imposition of the death penalty was based solely on a finding of the following statutory aggravating circumstance: " 'The offense of murder and/or armed robbery and/or kidnapping was outrageously or wantonly vile, horrible and inhuman in that it involved torture, depravity of mind and an aggravated battery to the victim.' " Id. See OCGA § 17-10-30 (b) (7).

In this connection, we held, "Evidence of psychological abuse to the victim before death where it is shown to have resulted in severe mental anguish to the victim in anticipation of physical harm, may amount to serious physical abuse (i.e., torture to the victim) and will support a finding of depravity of mind of the defendant. [Cit.] In determining whether the evidence shows 'depravity of mind,' the age and physical characteristics of the victim may be considered. [Cits.] From the evidence presented at trial in this case, this court finds that the serious psychological abuse to the victim prior to death, in view of the victim's age and physical characteristics, supports beyond a reasonable doubt the jury's finding of torture and depravity of mind on the part of the appellant. [Cits.] The appellant, while not the actual triggerman, was present and actively participated in all aspects of the crime, including the psychological torture of the victim." *Brown*, supra at pp. 303-304.

However, it now appears that we were guilty of essentially two misstatements of fact in our earlier opinion in *Brown*. First, we observed that, "The indictments and proof in this case are identical to the indictments and proof in *High v. State*, the companion case." Id. at p. 302. In regard to the evidence introduced in the appellant's case, we further stated that, "[T]he appellant in his confession admitted that, as they drove the victims to an area in which they could be executed, Jose High taunted the young boy with the prospect of his own death to the point that the boy was begging for his life." Id. at p. 303. However, upon reconsideration, we find that it was High in his confession who admitted that he had taunted the murder victim with the prospect of his own death to the point that the boy was begging for his life. On this particular point, the appellant at the end of his confession admitted that, "Jose [High] asked the boy did he want to die, and he said 'No.' 'You're going to die anyway.' " The appellant's confession was admitted at his own trial, but High's confession was not so admitted. To this extent, the two previously-quoted statements from our earlier opinion in Brown's direct appeal are incorrect.

Prior to his filing of the present habeas corpus petition, Brown in

1982 filed another habeas corpus petition in superior court. For this reason, the superior court in this habeas proceeding dismissed the petition on the ground that it is successive under OCGA § 9-14-51.

As previously stated, we granted Brown's application for certificate of probable cause to appeal. In this appeal, Brown advances three enumerations of error: (1) This court mistakenly went outside the record to sustain the § (b) (7) finding. (2) Errors in the trial court's post-conviction report, as well as this court's confusion as to the evidence of record, prevented this court from making a meaningful proportionality review of the appellant's sentence. (3) The superior court erred in dismissing the petition as successive. *Held*:

For reasons which follow, we affirm the superior court's denial of habeas relief.

1. We do not disagree with the appellant's argument that we mistakenly went outside the record to sustain the finding of the § (b) (7) aggravating circumstance.

However, we hold that the evidence of record in this case supports the finding of depravity of mind on the part of the defendant, as well as his cohorts, on the basis of psychological abuse to the victim before his death. In material part, this evidence shows that in their execution of the armed robbery of the gas station the appellant and his accomplices abducted the 11-year-old boy and his stepfather, separating the boy from his stepfather and placing the stepfather in the trunk of their car. Although the evidence in this case does not show that the boy begged for his life, it does show that he was taunted by the appellant's accomplice, Jose High, before he was murdered in execution-style fashion. Further, although the evidence does not show that the appellant was the triggerman, it does show his active participation in a premeditated plan to rob the station and eliminate the witnesses. The evidence also supports a finding of a substantial time lapse between the robbery and the murder.

2. The appellant's second enumeration of error is based on asserted errors in the report submitted by the trial judge to this court to assist us in carrying out the appellant's sentence review. See OCGA § 17-10-35.

Specifically, the appellant argues that the report submitted by the trial judge in this case was factually inaccurate and incomplete in the following respects: There was evidence of mitigating circumstances such as the appellant's youth, steady employment, lack of criminal record, and the fact that he was not the triggerman. However, the trial judge stated in the report that there was no evidence of mitigating circumstances. Where the report called for information concerning the appellant's siblings and prior work record, the trial judge entered "Unknown," even though the fact that the appellant was one of 15 children and had held steady employment since leaving

school was readily ascertainable.

Contrary to the appellant's argument, in his direct appeal we specifically considered his youth, lack of criminal record, and the fact that he was not the triggerman in undertaking our proportionality review. *Brown v. State*, 247 Ga., supra at p. 304. As the appellant has so assiduously argued, our decisions must be based on evidence of record, and it would appear that the appellant's steady employment and the number of his siblings did not constitute evidence of record in the prior appeal. However, even if it had, it does not alter our conclusion that his sentence to death is not disproportionate to the penalty imposed in similar cases.

3. OCGA § 9-14-51 provides, "All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." *Samuels v. Hopper*, 234 Ga. 246 (2) (215 SE2d 250) (1975).

It would seem that the grounds for relief asserted by the appellant in this habeas petition could reasonably have been raised in his original petition. Whether or not these grounds for relief are constitutionally nonwaivable is an extremely problematic question. We have pretermitted this latter issue and addressed the two foregoing enumerations of error, because they allege that this court's earlier decision in *Brown* was based on an erroneous view of the record. As both parties acknowledge, this court has inherent discretionary power to review and correct its own errors.

For the reasons previously given, the judgment is, however, affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 5, 1985.

*Shea & Gardner, William F. Sheehan, Richard M. Wyner, Ralph S. Goldberg,* for appellant.

*Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.