**Jose Martinez HIGH, Petitioner–Appellant,**

v.

**Walter ZANT, Warden, Georgia Diagnostic and Classification Center, Respondent–Appellee.**

No. 89–8804.

United States Court of Appeals, Eleventh Circuit.

Oct. 23, 1990.

Rehearing Denied Nov. 20, 1990.

Bradley S. Stetler, Office of the Public Defender, Burlington, Vt., for petitioner-appellant.

**1508**

Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before JOHNSON, ANDERSON and CLARK, Circuit Judges.

ANDERSON, Circuit Judge:

This is an appeal from the district court's denial of relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. We affirm.

Jose High and his accomplices, Nathan Brown and Judson Ruffin, robbed a service station. They abducted the operator of the station, Henry Lee Phillips, and his 11–year old stepson, Bonnie Bullock. Phillips was placed in the trunk of the car and Bullock in the back seat. High and his accomplices drove their captives to a remote site where they were to be eliminated. The 11–year old boy was taunted with threats of death as they rode in the back seat of the car. The child begged for his life. Upon reaching a deserted wooded area, the victims were forced to lie face down in front of the car and were then shot. Bonnie Bullock died of a bullet wound to the head. Phillips suffered a gunshot wound to the head and wrist, but miraculously survived and later identified High, Ruffin, and Brown. High later confessed to the murder.[1]

High was convicted of the following counts: murder of Bonnie Bullock, kidnapping with bodily injury (Bonnie Bullock); kidnapping with bodily injury (Phillips), and armed robbery. High was sentenced to death on the foregoing four counts. On direct appeal, the Supreme Court of Georgia affirmed the conviction in relevant part, and affirmed the sentence of death on the murder count and on the count of kidnapping Bonnie Bullock. *High v. State,* 247 Ga. 289, 296–97, 276 S.E.2d 5, 13–14 (1981). However, the Supreme Court of Georgia vacated two of the four death sentences: i.e., those based on the armed robbery count and on the count involving the kidnapping of Phillips. *Id.* 247 Ga. at 297, 276

S.E.2d at 14. Thus, of the four offenses for which High received the death penalty, two were capital offenses (and these were affirmed), but two were not capital offenses (and these two death sentences were vacated). In collateral proceedings, the Georgia Supreme Court considered and rejected, *inter alia,* the two issues raised by High in the instant appeal. *High v. Zant,* 250 Ga. 693, 701–03, 300 S.E.2d 654, 662–63 (1983).

High then brought a federal habeas corpus petition raising numerous issues, including the two issues now raised: (1) High's claim that the reliability of the verdict of death was undermined in violation of the Eighth Amendment because the jury erroneously believed that two of High's offenses were capital offenses; and (2) High's claim that the jury instructions at sentencing concerning the nature and function of mitigating circumstances gave insufficient guidance to satisfy the Eighth Amendment. The district court granted relief to High on the second issue but denied relief on all of High's other claims, including the claim now raised as the first issue.

The state appealed to this court, and High filed a cross-appeal. Although High's cross-appeal challenged the district court's rejection of several of his claims, High did not raise as an issue in this court the district court's denial of relief on the first issue. This court reversed the district court's grant of relief on the second issue, and affirmed in all other respects. Thus, the judgment of the district court was affirmed to the extent that it declined to grant the writ of habeas corpus, and reversed to the extent that the district court had granted the writ. *High v. Kemp,* 819 F.2d 988 (11th Cir.1987).

■ Upon receipt in the district court of the mandate of this court, High filed a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure seeking extraordinary relief on the two above-mentioned is-

---

**1.** This brief statement of the relevant facts is a paraphrase from the previous opinion of this

court. *High v. Kemp,* 819 F.2d 988, 990 (11th Cir.1987).

sues. Only the first issue warrants full discussion.[2]

High claims that the verdict of death was unconstitutionally unreliable because the jury erroneously believed that two of High's offenses were capital offenses. He argues that this erroneous belief made it more likely that the jury would impose the death sentence on the offenses for which High actually was eligible for the death sentence. In other words, High argues that the jury erroneously believed that two of his offenses were more serious (*i.e.*, capital offenses) than they actually are under Georgia law. He argues that the jury might have been influenced in imposing the death penalty for the death and kidnapping of Bonnie Bullock (which he concedes are capital offenses) by its erroneous perception that two additional offenses were also capital offenses.

█ As noted above, High's claim was abandoned on the prior appeal to this court, but was raised again in the district court by motion under Rule 60(b)(6). The law is well established that Rule 60(b)(6) affords relief from a final judgment only under extraordinary circumstances. *See Ritter v. Smith*, 811 F.2d 1398 (11th Cir.1987). It is also well settled that the matter is within the sound discretion of the district court, and reviewable on appeal only for abuse of discretion.

High seeks to satisfy the extraordinary circumstances requirement by pointing to his co-defendant, Brown. Brown was involved with High in the robbery, kidnap-

ping and murder. He was convicted and sentenced to death on the same four counts as High, and the jury was laboring under the same mistaken understanding that two of the offenses were capital offenses. When Brown's case reached the federal habeas corpus court, the district court granted the writ of habeas corpus, relying in part on the instant claim. High argues that the decision of the federal district court in Brown's case is a supervening change in the law. This, he argues, constitutes grounds for Rule 60(b)(6) extraordinary relief under the rationale of our opinion in *Ritter v. Smith*, 811 F.2d 1398 (11th Cir.1987). In *Ritter,* we held that a supervening change in the law could, but would not always, constitute sufficiently extraordinary circumstances to warrant relief from a judgment under Rule 60(b)(6). *See id.* at 1401. There, the supervening change in the law was in the form of a final and definitive ruling by the Supreme Court of the United States. *Id.* at 1401. Several additional factors convinced this court that Rule 60(b)(6) relief was appropriate: the judgment from which relief was sought had not been executed; the Rule 60(b)(6) motion was filed soon after the judgment from which relief was sought became final; there was a close relationship between the two cases; and considerations of comity. *Id.* at 1401–03.

High argues that his case involves a supervening change in the law and that three of the additional factors identified in *Ritter* are also present here. He points out that the judgment against him has not been

**2.** The claim now raised as the second issue— that the jury instructions given at the sentencing phase failed to apprise the jury of the nature and function of mitigating circumstances—was considered fully and rejected by this court on the prior appeal. High seeks relief under Rule 60(b)(6) on the basis of recent Supreme Court decisions, citing *Franklin v. Lynaugh,* 487 U.S. 164, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988); *California v. Brown,* 479 U.S. 538, 107 S.Ct. 837, 93 L.Ed.2d 934 (1987); *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988); and *Penry v. Lynaugh,* —— U.S. ——, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). High's argument that the analysis of this issue conducted by the previous panel of this court is inconsistent with Supreme Court cases is wholly without merit. Indeed, *Boyde v. California,* —— U.S. ——, 110 S.Ct. 1190, 1198, 108 L.Ed.2d 316 (1990), adopts substantially the same analysis adopted by this court in *Peek v. Kemp,* 784 F.2d 1479, 1489 (11th Cir.), *cert. denied,* 479 U.S. 939, 107 S.Ct. 421, 93 L.Ed.2d 371 (1986), and followed by the previous panel in this case. The only difference in the *Boyd*-analysis is its adoption of the reasonable likelihood standard, as opposed to the standard used by our prior panel, *i.e.*, whether a reasonable juror could have failed to understand the instruction and the proper role of mitigation. Thus, the analysis of this claim by the prior panel was at least as favorable to High as the current Supreme Court cases indicate is appropriate, and probably more so. We readily conclude that the district court appropriately denied relief under Rule 60(b)(6).

executed, that his Rule 60(b)(6) motion was filed without delay, and that his case is closely related to the Brown's case. With respect to the latter, High points out that his case not only involves the same issue as in Brown's case, but that the two cases are also closely related in that they involve the same criminal transaction.

The flaw in High's argument is that there has not been a supervening change in the law. The district court in Brown's case did not grant the writ of habeas corpus on the basis of the claim now presented by High. Although not completely clear, the most probable reading of the district court opinion in Brown's case is that relief was granted on the basis of unrelated claims which the opinion clearly identified as constitutional violations warranting relief, and, with respect to the instant claim, the court merely said that there was unacceptable error.

 In any event, we are satisfied that the erroneous perception on the part of the jury of which High now complains is not of constitutional dimension. High's claim of unreliability is undermined by the fact that in imposing death for the murder of Bonnie Bullock, the jury properly considered the underlying facts of the two noncapital offenses, the kidnapping and shooting of Phillips and the armed robbery. The error lay not in the jury's consideration of those underlying facts, but rather in the possibility that the jury misapprehended the gravity of the crimes of armed robbery and kidnapping. The nature of the jury's possible misapprehension in this case is very similar to that in *Zant v. Stephens*, 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983). There the jury properly considered a particular factor as an aggravating factor. However, the jury was improperly charged that the factor was a statutory aggravating factor, which could by itself make the offense death eligible. The Supreme Court held that the possible misapprehension of the jury in *Zant v. Stephens* did not warrant a grant of the writ of habeas corpus. *See* 462 U.S. at 904, 103 S.Ct. at 2757. In *Stephens*, the potential prejudice was the possibility that the jury

would believe that the aggravating circumstance was more serious than it actually was, *i.e.*, that it was an aggravating circumstance which could by itself make the offense death eligible. As in *Stephens*, the jury in this case might have considered that the armed robbery and kidnapping of Phillips were more serious crimes, *i.e.*, death eligible crimes, than they actually are. Because the misapprehension by the jury in *Stephens* did not warrant habeas corpus relief, we conclude that the similar misapprehension by High's jury would not constitute the extraordinary circumstances necessary to support relief under Rule 60(b)(6).

For the foregoing reasons, we conclude that the district court did not abuse its discretion in denying High's motion for Rule 60(b)(6) relief.

AFFIRMED.