[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12968
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-14206-JEM

JOSE HERNANDEZ,

Petitioner-Appellant,

versus

JOHN R. OWEN,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 14, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Jose Hernandez appeals pro se from the district court's order denying his motion to reopen his 28 U.S.C. § 2241 habeas corpus proceedings.[1]  In 2011, the district court denied Hernandez's § 2241 petition because it merely attempted to relitigate the sentencing claim that he raised unsuccessfully in a prior motion brought pursuant to 28 U.S.C. § 2255.  The district court did not have Hernandez's correct address, so several of the court's orders never reached him.  Nearly two years later, Hernandez filed a motion to reopen, claiming he was unaware that his § 2241 petition had been denied because he had not received the court's order.  The district court denied the motion, noting that the § 2241 petition was not dismissed due to undeliverable mail.  On appeal, Hernandez reiterates that he did not receive the district court's instructions to pro se litigants or its order to show cause in his underlying § 2241 action.  He states that the district court incorrectly mailed the documents to a medical facility at which he never resided.  As a result, he asks that his proceedings be reopened.

---

[1] Hernandez's "Motion for Reconsideration and/or Notice of Appeal" signed on June 10, 2013, cannot perfect an appeal of the district court's June 27, 2013, order denying reconsideration.  *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (noting that Federal Rule of Appellate Procedure 3(c) "requires that a notice of appeal designate an existent judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed").  Hernandez did not thereafter amend his notice of appeal or file a new notice of appeal from that order, so we construe his appeal as arising from the district court's denial of his motion to reopen.

Because there is no rule or statute providing for a motion to reopen in the context of habeas corpus proceedings, Hernandez's motion can be construed as a motion for relief under Federal Rule of Civil Procedure 60(b)(6).

We review the denial of a Rule 60(b)(6) motion for abuse of discretion. *High v. Zant*, 916 F.2d 1507, 1509 (11th Cir. 1990).

Rule 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for one of several enumerated reasons, including for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). There is no specific time limit for filing a Rule 60(b) motion, but Rule 60(c)(1) provides that the motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

"The law is well established that Rule 60(b)(6) affords relief from a final judgment only under extraordinary circumstances." *High*, 916 F.2d at 1509. We have noted that "extraordinary circumstances that warrant the reopening of a judgment 'will rarely occur in the habeas context.'" *Howell v. Sec'y, Fla. Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649 (2005)).

In this case, even assuming that Hernandez's motion was made within a "reasonable time" as required by Rule 60(c)(1), the district court did not abuse its discretion when it denied Hernandez's motion. The fact that Hernandez did not

3

receive the district court's initial instructions or show cause order was not sufficient to constitute "extraordinary circumstances."  Further, there was nothing that Hernandez could have argued, even if he had timely received the missing orders, that would have changed the outcome of his § 2241 proceedings, as his § 2241 petition was plainly barred by § 2255(e).  *See Gilbert v. United States*, 640 F.3d 1293, 1319 (11th Cir. 2011) (en banc) (noting that the § 2255(e)'s savings clause "does not cover sentence claims that could have been raised in earlier proceedings").

Accordingly, we affirm.

**AFFIRMED.**