Trippe, Judge.
We think the decision in Brock vs. The State, 22 Georgia, 98, settles the question whether the imprisonment was part of the penalty, and that it was only a means of enforcing the collection of the fine.
If a defendant in a criminal case is fined, and refuses to pay the fine imposed, can it be collected by an execution against his goods? etc. There is the judgment against him for a .specific amount, and section 3584 of the Code provides that “the Judge of any Superior Court may frame and cause to be issued by toe. clerk any writ of execution to carry into effect any lawful judgment or decree rendered in his Court.” It is contended that this section refers only to civil cases. But is not this a power inherently existing in the Court? And why should it be limited to civil any more than to criminal judgments? In one case, it is a debt due an individual; indeed, in civil cases it may also be for a debt due the State. In a criminal case the judgment is for a penalty, and it may be said due the State, and some of the authorities call it a debt of record. In The King vs. Woolf, 1 Chitty, 236, (18 English Criminal Law Reports,) the point was distinctly made and decided, that a levari facias might issue for a fine. Abbot, Chief Justice, said: “It seems to nie that the case of The King vs. Wade, in which it was ruled that though one be in execution for a fine to the King, yet a levari facias de bonis et catallis lies, is a decisive authority in the present case. It is an authority founded upon the general principle of the common law, and shows that a levari facias may issue for a fine due *the King, a fine being in fact a debt of record.” Bayley, Judge, said: “The only question we have to consider is, whether the crown has a right to issue a levari facias for the debt in question, and upon that point, it seems to me, on principle, there can be no doubt. Indeed, the question is not discussed on principle; it is not shown in any respect to be inconsistent with legal principle. The only thing that is said is, that this is a new mode of proceeding. * * * * By the judgment, the debt becomes a debt to the King of record, and it is payable to the King instanter. To say that the crown shall not be at liberty so sue out an execution for its debt, is to place-the crown in a worse situation than that in which the subject stands.” .The case of The King vs. Woolf was decided in 1819; that of The King vs. Wade, more than one hundred years before that time. In Virginia, the Court of Appeals, in Pifer vs. The Commonwealth, 14. Grattan Reports,’ 716, a case not involving directly this question, seem to consider it as an unquestionable right in the State. “The judgment in term is final; execution 'may have been issued and levied out of the property of the defendant,” and also, “the judgment for the fine and costs would *250 be final and execution could issue and be collected.” To the same purport: See 8 Wend., 203; Bishop’s Cr. Prac., sec. 870;. Bac. Abr., vol. 4,244.
We do not see any reason why this rule does not exist in Georgia, nor why the State should not be able to protect itself in enforcing its judgments against the necessity that might occur,, either of discharging or supporting, for an indefinite period, an obstinate defendant.
Judgment affirmed.