## 48521. STANLEY v. THE STATE.

BELL, Chief Judge. Defendant, indicted for the unlawful possession of methylenedioxy amphetamine (MDA), moved to suppress the evidence which was denied. A certificate of immediate review was granted. The validity of an arrest without

a warrant is the issue in this case.

Police investigators had made a previous arrangement to purchase drugs which was to include four ounces of MDA. The transaction was completed at a location in DeKalb County and four participating individuals were immediately arrested. Only two ounces of MDA was obtained from these individuals. Upon inquiry the officers were advised that a "buddy" had the other two ounces at another location. These informants gave no information to the police as to the identity of their friend by way of name, physical description, or where he could be located. Thereupon, all departed the area where the transaction took place in the arrestees' truck. While waiting at a traffic light at an intersection one of the police officers testified that he heard a horn being continually sounded to his rear. He then observed the defendant in another car making hand motions which he ignored. The defendant then pulled up beside the van truck and made a motion requesting the officer driving the van to pull over. The officer drove into a nearby parking lot and the defendant followed his vehicle and parked. The officer and the defendant both left their cars and began to approach each other. Suddenly the defendant turned and started walking away. The officer showed his badge and asked the defendant to halt. The policeman testified that he then asked if defendant was to meet three other "subjects" and "I don't remember if I got an answer on that. I believe he said yes, but at that time I told him he was now under arrest and I advised him of his constitutional rights." After this advice the defendant was specifically queried as to whether he had the other two ounces of MDA and the defendant answered affirmatively. The defendant was then taken to police headquarters and in a search of his person a quantity of MDA was found. *Held:*

The state contends that the admission that the defendant had in his possession the prohibited drugs provides the required probable cause to show that the officers had reason to believe at that time that the defendant was committing the offense of unlawful possession of drugs. However, the arrest preceded the admission. The police officer testified that he placed the defendant under arrest and then obtained the incriminating admission. What transpired after the arrest cannot serve to furnish the required probable cause. The validity of an arrest without a warrant depends upon whether at the moment of the arrest the officers have probable cause to make it, that is

whether the facts and information within the officers' knowledge were sufficient to warrant a prudent man in believing that defendant was committing an offense. *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647). The inquiry then is whether at the moment of arrest the arresting officer had reasonable and probable cause that defendant was then committing a crime. It is important in this respect to note that the parties previously arrested did not give the police the name of the "buddy" who allegedly had the remaining two ounces of MDA, or a physical description of him, or where he was. An unknown motorist waving his hand at a police officer in another vehicle and causing the officer to stop and park, does not authorize a reasonable and justifiable inference that the unknown motorist was in possession of a prohibited drug. Neither is probable cause reasonably indicated by the walking towards the officer not in uniform and then turning away. While the police officer did originally testify that he "believed" the defendant answered in the affirmative his query as to whether defendant was to meet three other subjects, he later changed this testimony to show that defendant responded in the negative. The evidence amounts to nothing more than a vague suspicion that defendant was the unknown "buddy" who has possession of the MDA. Suspicion cannot be transformed into probable cause to authorize an arrest without warrant. Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441). Arresting on suspicion only and thereafter establishing probable cause for the arrest is a procedure that cannot be approved. Sibron v. New York, 392 U. S. 40 (88 SC 1889, 20 LE2d 917). The motion to suppress should have been granted.

*Judgment reversed. Deen and Quillian, JJ., concur.*

SUBMITTED SEPTEMBER 11, 1973 — DECIDED OCTOBER 1, 1973.

*Mobley F. Childs, Arthur M. Kaplan,* for appellant.
*Richard Bell, District Attorney,* for appellee.