## 60046. HALL v. THE STATE.

SMITH, Judge.

Harold E. Hall, Jr. was convicted of bribing a Moultrie police detective and a Colquitt County deputy sheriff. In addition to the general grounds, appellant enumerates as error the trial court's refusal to consolidate the two bribery counts for consideration by the jury; the admission into evidence of taped conversations between appellant and the law enforcement officers he was accused of bribing; the trial court's charge relating to the indictment; and the trial court's "confiscation" of the $10,000 bribe money. We affirm.

The evidence shows that Detective Boyd and Deputy Sheriff Causey had brought charges against appellant for violation of the Georgia Controlled Substances Act; that appellant offered $100,000 to Causey in exchange for his dismissing the charges or reducing the bond on those charges — "whatever it took to put him on the street"; that Causey suggested and appellant agreed that Boyd be brought in on the deal; that appellant also offered Boyd $100,000; that appellant agreed to pay each $5000 as "faith money"; and that appellant gave the officers a paper bag containing $10,000.

1. Appellant was indicted on two counts of bribery. He contends that the trial court should have consolidated the two counts and erred in submitting both to the jury. In support of his contention appellant relies on *Breland v. State,* 135 Ga. App. 478 (218 SE2d 153) (1975). In *Breland* the defendant was convicted on each of two counts of motor vehicle theft. This court reversed, holding, "the theft of the two trucks, taken from the same place at the same time from the same owner under the same circumstances, can only constitute one offense." Id. at 479.

However, the situation in the case at bar is distinguishable from that in *Breland.* Although occurring at "the same place at the same time . . . under the same circumstances," the bribes were offered to two different law enforcement officers. "A person commits bribery when: (1) He gives or offers to give *to any person* acting for or on behalf of the State or any political subdivision thereof . . . any benefit, reward, or consideration to which he is not entitled with the purpose of influencing him in the performance of any act related to the functions of his office or employment . . ." (Emphasis supplied.) Code § 26-2301. Since appellant extended his offer to *both* officers, his conduct constituted a violation of the statute as to each. See *Keener v. State,* 238 Ga. 7 (230 SE2d 846) (1976). See generally *State v. Estevez,* 232 Ga. 316 (2) (206 SE2d 475) (1974). Appellant's first enumeration of error is without merit.

2. Our Supreme Court has held "that Code Ann. § 26-3001 does

not prohibit one party to a conversation from secretly recording or transmitting it without the knowledge or consent of the other party." *State v. Birge,* 240 Ga. 501 (241 SE2d 213) (1978); *Humphrey v. State,* 231 Ga. 855 (IV) (204 SE2d 603) (1974). Therefore, appellant's second enumeration of error is meritless.

3. Appellant submitted the following request to charge: "I charge you, ladies and gentlemen of the jury, that an indictment is not evidence of the defendant's guilt. It is merely the form or manner by which the State accuses a person of a crime in order to bring him to trial. It is merely a piece of paper drawn to let the defendant and jury know what the defendant is charged with. The jury must not be prejudiced against the defendant because an indictment has been returned against the defendant by a grand jury." The trial court instructed the jury as follows: "Now to this bill of indictment both of the defendants have come into court and entered their pleas of not guilty to each count of this indictment, thereby denying each and every allegation of each count of the indictment, and forming the issue which you have been sworn and impanelled to try . . . I charge you that neither the indictment returned by the Grand Jury nor the pleas of not guilty entered by the defendants are evidence, and they are not to be considered by you as evidence. This is merely the procedure by which these charges are brought here into your Superior Court for the purpose of trial."

In his third enumeration of error, appellant asserts that the trial court's failure to charge in the language requested constitutes reversible error. We cannot agree. "Where the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error." *Leutner v. State,* 235 Ga. 77, 81 (5) (218 SE2d 820) (1975).

4. "After having reviewed the evidence in the light most favorable to the prosecution, this court concludes that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71) (1979). Therefore, appellant's fourth and sixth enumerations of error are without merit.

5. At the sentencing hearing, the trial court ordered the $10,000 "confiscated as an item used in the commission of a felony." However, the court also ruled that the money "may be used toward the payment of the fine assessed in this case." Appellant, fined $5,000 on each count, asserts in his fifth enumeration of error that this "confiscation" was tantamount to a forfeiture prohibited under Art. I, Sec. I, Par. XVII of the Constitution of the State of Georgia (Code Ann. § 2-117) and Code § 85-1109. Although recognizing the trial court's authority to levy the fine, appellant nonetheless asserts that

the court had no authority to confiscate the money.

This state has numerous statutes providing for the use, custody and disposition of money and property in certain criminal cases. See Daniel, Ga. Crim. Trial Prac., § 10. However, there is no statute which sets forth the procedure to be followed for the disposition of money or property which was used as a bribe. See *Balkcom v. Heptinstall,* 152 Ga. App. 539 (263 SE2d 275) (1979); *Chappell v. Stapleton,* 58 Ga. App. 138 (198 SE 109) (1938).

In *McMeekin v. State,* 48 Ga. 335, 336 (1873) it was held that there is a "power inherently existing in the Court" to issue a writ of execution for the purpose of collecting a fine from a criminal defendant. In our view, the trial court in the instant case possessed the inherent power to enter an order directing, in effect, that the bribe money in *custodia legis* be used to pay appellant's fine. Further legal action was unnecessary. State v. Gunzelman, 200 Kan. 12, 13-14 (434 P2d 543) (1967).

In many jurisdictions the courts have ruled that one who bribes another cannot recover the money or property transferred as a bribe. State v. Strickland, 42 Md. App. 357 (400 A2d 451) (1979); Annot., 60 ALR2d 1273; 17 Am Jur 2d 594, Contracts § 221; 11 CJS 877, Bribery § 20. However, we need not determine at this time whether, in the absence of statute, bribe money in excess of the maximum fine (see Code § 26-2301) is subject to confiscation. The bribe money in this case did not exceed the maximum fine. Regardless of whether the bribe money could be "confiscated as an item used in the commission of a felony," the trial court's order in the instant case did not result in a forfeiture.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JUNE 5, 1980 — DECIDED SEPTEMBER 17, 1980.

*Larkin M. Fowler, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, Richard Shelton, Assistant District Attorney,* for appellee.