36813. BROWN v. THE STATE.

MARSHALL, Justice.
The appellant was tried and convicted for the offenses of murder, armed robbery, aggravated assault, possession of a firearm during the commission of a crime, and two counts of kidnapping with bodily injury. He was sentenced to death for armed robbery, murder and the two counts of kidnapping. He was sentenced to five years on the possession-of-firearms conviction, and he was sentenced to ten years for the aggravated assault conviction, these sentences to run consecutively. This is a companion case to *High v. State,* 247 Ga. 289 (1981) and *Ruffin v. State,* 243 Ga. 95 (252 SE2d 472) (1979), where the facts are amply set out.

*I. Enumerations of Error*

1. Although the appellant enumerates the general grounds as

Enumeration 1, his argument also goes to the issues raised in Godfrey v. Georgia, 446 U. S. 420 (100 SC 1759, 64 LE2d 398) (1980) and *Fleming v. State,* 246 Ga. 90 (270 SE2d 185) (1980).

The appellant was positively identified by the surviving victim of the crimes. In addition, the appellant made a complete and full confession. His fingerprints were found on the car identified as the vehicle used in the robbery after it was located by authorities.

The evidence amply supported the verdict of the jury beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We find no merit in this enumeration of error. Enumerations of error 2, 4 and 15 also raise the Godfrey issue, which will be dealt with in the sentence review portion of this opinion.

2. In his third enumeration of error, the appellant contends that since his attorney was appointed to represent both himself and his co-defendants, Ruffin and High, the death penalty cannot be imposed, citing *Fleming v. State,* supra.

Counsel represented the appellant's co-defendant, Ruffin, and the appellant. However, the other co-defendant, High, retained other counsel prior to trial. In *Fleming v. State,* supra, this court, by the authority of its supervisory power over the bar of this state, created a broad rule in cases in which the death penalty is sought. Under the rule of *Fleming,* the same attorney shall not represent co-defendants in cases in which the death penalty is sought. *Fleming v. State,* supra, was decided June 9, 1980, and the appellant's trial began on May 29, 1979. The rule of *Fleming v. State,* in that it is based on the court's supervisory power, is prospective only. In that case, this court found an actual conflict of interest. In the instant case, no actual conflict of interest has been shown. "[W]henever a trial court improperly requires joint representation over timely defense objection reversal is automatic." Holloway v. Arkansas, 435 U. S. 475, 488 (98 SC 1173, 55 LE2d 426) (1978). However, "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U. S. 335 (100 SC —-, 64 LE2d 333) (1980); *Fleming v. State,* supra. "A mere possibility of conflict is insufficient to impugn a criminal conviction amply supported by competent evidence." *Montgomery v. State,* 156 Ga. App. 448, 454 (1980). In the case under review, there was no timely defense objection nor was there any objection by the state, as was the case in *Fleming v. State,* and no material prejudice has been demonstrated. The disqualification of an attorney to represent co-defendants must be raised prior to trial, otherwise any disqualification could result in manufactured error. This enumeration of error is without merit.

3. In Enumerations of error 5 and 6, the appellant contends that the trial court erred in excusing 55 prospective jurors based on Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) (1968).

Without naming the jurors disqualified as being unalterably opposed to the imposition of the death penalty, we have reviewed the transcript of the voir dire, and all the prospective jurors stated that they could not impose the death penalty under any circumstances. Defense counsel agreed in almost all instances with the trial court that they were disqualified under the rule in Witherspoon.

The appellant also argues that the qualification of potential jurors under Witherspoon v. Illinois resulted in a "hanging jury panel" of 42 jurors. The same objection was raised by counsel in *Ruffin v. State,* supra, and was decided adversely to his position. This enumeration of error is without merit. *Ruffin v. State,* supra; *Dampier v. State,* 245 Ga. 427 (7) (265 SE2d 565) (1980); *Harris v. Hopper,* 243 Ga. 244 (253 SE2d 707) (1979); Spinkelink v. Wainwright, 578 F2d 582 (5th Cir. 1978).

Additionally, the appellant attacks the array and asserts that blacks were underrepresented after the Witherspoon exclusions. Pretermitting that the challenge to the array was not timely, the appellant's argument is without merit. "A defendant is entitled to an array of properly drawn impartial jurors to which he may direct his peremptory challenges. A party is entitled to this as a matter of right but, conversely, he is entitled to no more." *High v. State,* supra, and cits.

4. In Enumeration of error 7, the appellant contends that the trial court erred in allowing both GBI agents Ingram and Monahan to remain in the courtroom after the rule of sequestration had been invoked. Both agents worked together on the initial investigation and interrogation of the defendant after his arrest. The district attorney stated in his place that both agents Ingram and Monahan were needed to assist him in the trial of the case. We find no abuse of discretion by the trial court in allowing both agents to remain in the courtroom. *Ruffin v. State,* supra; *High v. State,* supra, and cases cited.

5. In Enumeration of error 9, the appellant contends that the trial court erred in admitting testimony of a .32-caliber bullet when there was no evidence that defendant had in his possession any weapon on the night in question. The bullet was retrieved from the body of one of the victims.

The defendant in his statement said, "Judson got .32 and walked up to the booth . . . I got out with single-barreled shotgun" and "loaded .32 revolver with different shells in Augusta." The defendant

was also identified by the surviving victim as having a shotgun at the time of the robbery, and at the time he was removed out of the trunk of the car and shot. There was evidence that, at various times during the criminal enterprise, various participants had actual possession of one of the three weapons involved. The evidence complained of was a relevant and necessary part of the state's case, and the trial court did not err in admitting it.

6. Enumeration of error 10 is expressly abandoned. In Enumerations of error 11, 12 and 13, the appellant contends that the trial court erred in overruling his three motions for mistrial made during the sentencing phase of the trial. The defendant testified during the sentencing phase of his trial, and when cross-examined about his participation in the crimes charged, the defendant elected to stand on his Fifth Amendment right. The appellant, having already been convicted of the crimes, had no presumption of innocence. He stood before the sentencing jury as a convicted felon. He chose to testify in his own behalf as to sentence, but refused to respond to the state's cross-examination, asserting his Fifth Amendment right. This is not an instance in which the state has commented on a failure of a defendant to testify in his own behalf. It was not error of the district attorney to comment on this in argument to the jury. The district attorney's remark during argument, that "if his boys were treated like this, I don't know whether I'd want a jury to decide it," did not amount to such improper argument as would require a mistrial where the trial court on motion for mistrial instructed the jury to disregard the remark, and the district attorney voluntarily withdrew it. The prosecution may argue for a death sentence and offer plausible reasons for his position. See *Rini v. State,* 236 Ga. 715 (3) (255 SE2d 234) (1976); *Chenault v. State,* 234 Ga. 216 (215 SE2d 223) (1975); *Brand v. Wofford,* 230 Ga. 750 (9) (199 SE2d 231) (1973).

## II. Sentence Review

7. We have reviewed the record and sentence in this case as mandated by the statute, and find that the verdict of the jury was not imposed under the influence of passion, prejudice or any other arbitrary factor. Code Ann. § 27- 2537 (c) (1).

8. We agree with the appellant's contention that Count 2 of the indictment, possession of a firearm during the commission of a crime, merged with Count 1 of the indictment, armed robbery. As was noted in *High v. State,* supra, (12), "whereas here, the evidence discloses that the crime of armed robbery was committed with the same firearm as that for which the appellant is charged with possessing, the lesser crime of possession of a firearm during the commission of a

crime is included in the greater crime of armed robbery." Citing *Chumley v. State,* 235 Ga. 540 (221 SE2d 13) (1975); *Roberts v. State,* 228 Ga. 298 (185 SE2d 385) (1971); and Code Ann. § 26-506.

9. We note as part of our independent review, as was noted in the companion case of *High v. State,* that the appellant received a death penalty for both the armed robbery from the person of Henry Phillips, Count 1 of the indictment, and kidnapping with bodily injury of Henry Phillips, Count 4 of the indictment. The death sentence received by the appellant under Count 1 and Count 4 of the indictment must therefore be set aside and remanded to the trial court with direction that the appellant be resentenced to life imprisonment as to Count 4 of the indictment, and that the trial judge sentence the appellant for the offense of armed robbery as provided by law. *High v. State,* supra.

The indictments and proof in this case are identical to the indictments and proof in *High v. State,* the companion case. The evidence of the murder of Bonnie Bulloch, Count 5 of the indictment, can be used as the basis for the separate conviction of the murder count and also as the basis for the conviction of kidnapping with bodily injury to the murder victim. *High v. State,* supra, and cits. As we said in *High v. State,* supra, in *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978), the defendant was convicted for the murder of Michael Priest and kidnapping with bodily injury of Michael Priest. The bodily injury alleged was the killing of the victim. We held in *Potts* that, as a matter of fact, as well as a matter of law, the murder of the victim and the kidnapping of the victim with bodily injury were not included offenses so as to bar the defendant from being prosecuted and subsequently convicted of both crimes. This conclusion was reached because neither of the crimes could have been established by proof of the same or less than all of the facts required to establish the commission of the crime charged. Code Ann. § 26-505 (a). The murder required a finding of malice aforethought, but the kidnapping required no such finding. The kidnapping required a finding of unlawful abduction, while such a finding is not necessary for the conviction for murder. We here follow the rule established in *Potts* and hold that the conviction and sentence of death for murder and kidnapping with bodily injury must be affirmed.

The same rationale does not apply to the conviction for kidnapping with bodily injury and the conviction for aggravated assault of Henry Phillips. This is true because the elements of the crime of aggravated assault must have been proved in order to sustain a conviction for the crime of kidnapping with bodily injury. Therefore, the aggravated assault in this case is an included offense of the crime of kidnapping with bodily injury, and the conviction for

aggravated assault is reversed. *Williams v. State,* 238 Ga. 244 (232 SE2d 238) (1977).

10. The jury returned a finding of the following statutory aggravating circumstance: "The offense of murder and/or armed robbery and/or kidnapping was outrageously or wantonly vile, horrible and inhuman in that it involved torture, depravity of mind and an aggravated battery to the victim. Code Ann. § 27-2534.1 (b) (7).

Under the evidence in this case, the appellant and his two co-conspirators planned the armed robbery of the service station with the express intent to eliminate any witnesses to the crime. They kidnapped the manager of the station along with his 11-year-old stepchild at gunpoint. The young boy, Bonnie Bulloch, was 56 inches tall and weighed 70 pounds. The stepfather was placed in the trunk of the car while the young boy rode inside the vehicle with his abductors. The appellant in his confession admitted that, as they drove the victims to an area in which they could be executed, Jose High taunted the young boy with the prospect of his own death to the point that the boy was begging for his life. When the robbers reached the execution site, the boy's stepfather attempted to go to him, but was struck in the stomach by the butt of a shotgun wielded by the appellant. Both victims in the case were forced to lie on their faces on the ground in front of the automobile at gunpoint and were shot in the head in a cold-blooded, execution fashion. According to the appellant's statement, as the three then drove away from the site, they laughed about the murder. All of the conspirators were laughing, and the appellant related to the others, "we ain't got nothing to worry about, they're both dead." One of the conspirators told the appellant that he put three .32-caliber bullets into the boy's head and two into the man's head. The appellant then told Jose High that he should not have cut loose with both barrels of his shotgun, as "one should have been enough with those .32's."

Evidence of psychological abuse to the victim before death where it is shown to have resulted in severe mental anguish to the victim in anticipation of physical harm, may amount to serious physical abuse (i.e., torture to the victim) and will support a finding of depravity of mind of the defendant. *Hance v. State,* 245 Ga. 856 (268 SE2d 339) (1980). In determining whether the evidence shows "depravity of mind," the age and physical characteristics of the victim may be considered. *Hance v. State,* supra; *Thomas v. State,* 245 Ga. 688 (266 SE2d 499) (1980); *High v. State,* supra. From the evidence presented at trial in this case, this court finds that the serious psychological abuse to the victim prior to death, in view of the victim's age and physical characteristics, supports beyond a

reasonable doubt the jury's finding of torture and depravity of mind on the part of the appellant. *High v. State,* supra; Code Ann. § 27-2537 (c) (2). The appellant, while not the actual triggerman, was present and actively participated in all aspects of the crime, including the psychological torture of the victim. This court further finds, as was the case in *High v. State,* that this murder of the 11-year-old victim was outrageously or wantonly vile, horrible or inhuman in that it is distinguishable from ordinary murders for which the death penalty is not appropriate.

The evidence in this case factually substantiates and supports the finding of the aggravating circumstance as to the kidnapping with bodily injury and the murder of the victim and the sentences of death, by a rational trier of fact beyond a reasonable doubt. Jackson v. Virginia, supra.

11. We have thoroughly reviewed the instruction of the trial court during the sentencing phase of the trial and find that the charge was not subject to the defects dealt with in *Fleming v. State,* 246 Ga. 90, supra, and *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977).

In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed for murder. The appellant by his own admission was an active participant in all aspects of an armed robbery, two kidnappings and the murder of a young child. We find these similar cases set forth in the appendix in addition to those similar cases set forth in the appendix to the companion case of *Ruffin v. State,* supra, support the affirmance of the death penalty. Contrary to the appellant's position, juries have given the death penalty in cases in which the defendant has no prior criminal record and was of a young age. *Stevens v. State,* 245 Ga. 583 (266 SE2d 194) (1980); *Tucker v. State,* 244 Ga. 721 (261 SE2d 635) (1979); *Legare v. State,* 243 Ga. 744 (257 SE2d 247) (1979); *Gibson v. State,* 236 Ga. 874 (226 SE2d 63) (1976).

We find that these similar cases set forth in the appendix, in addition to those similar cases set forth in the appendix to the companion case of *Ruffin v. State,* supra, support the affirmance of the death penalty. After careful review in considering both the crime and the defendant, we find no material difference between the appellant's case and the companion cases of *Ruffin v. State,* supra, and *High v. State,* supra, insofar as the imposition of the death penalty is concerned. The appellant's sentences to death for kidnapping with bodily injury and for murder are not excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant. Code Ann. § 27-2537 (c) (3).

12. We find no prejudice to the defendant by a resentencing as

to certain counts of the indictments or the reversal of other counts of the indictment, as the evidence of such crimes was necessarily before the jury. *Collier v. State,* 244 Ga. 553 (261 SE2d 364) (1979); *High v. State,* supra.

*Judgment affirmed in part, vacated and remanded in part. All the Justices concur, except Hill, P. J., who concurs in the judgment only as to Divisions 4 and 9, and Gregory, J., not participating.*

DECIDED FEBRUARY 24, 1981 —
REHEARING DENIED MARCH 11, 1981.

*Walton Hardin,* for appellant.

*Kenneth E. Goolsby,* District Attorney, *Dennis Sanders,* Assistant District Attorney, *Arthur K. Bolton,* Attorney General, *Russell N. Sewell, Jr.,* Assistant Attorney General, for appellee.

APPENDIX.

*Ruffin v. State,* 243 Ga. 95 (252 SE2d 472) (1979); *Patrick v. State,* 245 Ga. 417 (265 SE2d 553) (1980); *Dampier v. State,* 245 Ga. 427 (265 SE2d 565) (1980), addendum: 245 Ga. 882 (268 SE2d 349) (1980); *Fair v. State,* 245 Ga. 868 (268 SE2d 316 ) (1980); *High v. State,* 247 Ga. 289 (1981).