## 62549. BARNES v. THE STATE.

BIRDSONG, Judge.

Will Henry Barnes appeals his conviction of burglary. We affirm.

Barnes and a co-defendant, James Luckett, were indicted in multiple counts. In Counts 1 and 2, Luckett was charged with burglary and theft by receiving stolen property; in Count 3, Luckett and Barnes were jointly charged with burglary; in Count 4 Barnes was charged with theft by receiving and Count 5 charged Luckett with the same offense. The jury returned a verdict of guilty on Count 3, the only charge of which Barnes was convicted. On appeal the sole error enumerated is that Barnes was denied effective assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution and because the same attorney was retained to represent both Barnes and Luckett, and Barnes was not advised of potential conflict problems.

Both Barnes and Luckett took the stand and denied any participation in the burglary of the stolen goods, claiming to have purchased the sterling silverware for a low price from a stranger in a parking lot peddling it out of a pillowcase. They planned to resell it for a profit. Barnes complains that the end result of the joint representation was the loss of his opportunity to plea bargain with the state by offering to testify against Luckett; and that he was further penalized by being confined to the rather tenuous defense of coincidental purchases from an unidentified stranger.

"In order to establish a constitutional violation of right to effective assistance of counsel in a noncapital case (*Fleming v. State,* 246 Ga. 90 (270 SE2d 185)), a defendant who raised no objection at trial (as is true in this case) must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. Until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance. Where the contention is only the

possibility of conflict, this is insufficient to impugn a criminal conviction. To demonstrate a violation of the right of effective assistance of counsel, a defendant must establish actual conflict of interest adversely affecting the attorney's performance. Cuyler v. Sullivan, 446 U. S. 335 (100 SC 1708, 64 LE2d 333, 346 (13))." *Montgomery v. State,* 156 Ga. App. 448, 453 (2) (275 SE2d 72).

However, "to justify separate counsel, the conflict may not be merely theoretical or speculative, but must have some substantial basis in fact. [Cits.] . . . [T]he court should inquire, 'Did the representation deprive either or both of the defendants of the undivided loyalty of counsel? Did counsel have to, or did he in fact, slight the defense of one defendant for . . . another?' [Cit.]" *Davis v. State,* 129 Ga. App. 796, 799 (1) (201 SE2d 345). In the instant case, as in *Davis,* supra, the testimony of both co-defendants was wholly exculpatory of the other. "Therefore, counsel was free vigorously to investigate and present . . . these theories . . . without damaging either of the defendants. This is, therefore, not a situation in which a true conflict appears between the defendants, because their statements were not inculpatory of each other but were exculpatory of both." *Davis,* supra, p. 800. Moreover, Barnes "has failed to show in the record any actual conflict of interest or how such potential conflict of interest actually impaired the attorney's performance or representation. These contentions raise only the possibility of conflict. A mere possibility of conflict is insufficient to impugn a criminal conviction amply supported by competent evidence. [Cit.]" *Montgomery v. State,* 156 Ga. App. 448, 454, supra. Accord, *Wright v. State,* 158 Ga. App. 494 (280 SE2d 896).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 29, 1981.

*Denny C. Galis,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.