## 63902. REED v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was charged in three indictments with a total of ten counts of burglary and one count of theft by receiving stolen property. Prior to trial a motion to suppress was denied by the trial court. A bench trial consolidating all counts and all indictments was held. Defendant was convicted of the 10 counts of burglary, and the theft by receiving stolen property charge was dismissed. He was sentenced to serve a term of 15 years as to each count, all of the sentences to run concurrently. Defendant's motion for new trial was filed, heard and denied, and he appeals. *Held:*

The sole enumeration of error is that the trial court erred in denying the defendant's motion to suppress. The defendant stipulated to certain facts with reference to one of the burglaries in which the victim, upon returning to her home, observed a 1964 Ford Falcon backed into her driveway. The victim then observed three persons, one white male "come from under her carport and he ducked behind the car" (Ford Falcon) with something in his hands. She also observed two black males "scurrying across her front yard . . . headed towards the car." (Ford Falcon.) She parked her automobile in the driveway in an attempt to block the exit of the Ford Falcon and went to a neighbor's house to call police. A general description of the men and the automobile was given to the police. Somehow the three men were able to get out of the driveway. In the meantime the victim discovered her home burglarized and a number of items taken. An

automobile fitting the description with the three males was later stopped on the expressway a short distance from the burglarized home. Items of property stolen from the victim's home were found in the automobile and this defendant had on a watch which belonged to the victim of another burglary incident on another date. After his arrest and custody this defendant made bond but did not appear at a preliminary hearing. Efforts were then made to locate him and also to arrest him on another warrant. The investigation later determined that he lived at a certain house and the investigating officer approached that dwelling, knocked on that door, but obtained no response. Near the door of the dwelling in the carport was an unlocked storage room. The officer looked in the storage room of the carport seeking to locate the defendant in hiding and also to protect himself. He observed at that time a number of items he believed to be stolen property, including a particular item he felt belonged to another burglary victim. He returned to his office, called this victim for more definite information about the item and then obtained a search warrant to search the dwelling. The search of the dwelling disclosed numerous and varied items of property belonging to the victims listed in each count of each indictment. At all times the officer had a valid warrant for the defendant's arrest. He located defendant's dwelling, observed the automobile in which the defendant had previously been arrested and reasonably believed the defendant was present when no one answered the door, fearing for his own safety and feeling the defendant might be in hiding in the storage room immediately adjacent to the door where he was standing, he opened the storage room and observed in plain view property which he felt was stolen. However, instead of seizing the property, he proceeded to return to his office, verified that a certain item of property was the property of the victim, obtained a search warrant based upon probable cause and then, armed with the search warrant, returned and properly conducted a search. Being in reasonable belief that the defendant was present in the home, the officer had authority to enter the storage room. Compare Payton v. New York, 445 U. S. 573, 603 (100 SC 1371, 63 LE2d 639). Having observed the stolen property in plain view from a position where he had a lawful right to be, the subsequent recovery of the property was not improper. See *Smith v. State,* 152 Ga. App. 134, 135 (1) (262 SE2d 166). The officers were authorized to seize all the items as tangible evidence of the commission of the crime for which probable cause was shown. See Code Ann. § 27-303 (Ga. L. 1966, pp. 567, 568); *Culbreth v. State,* 152 Ga. App. 867 (264 SE2d 315). We have examined all cases cited by the defendant such as *Hogan v. State,* 140 Ga. App. 716 (231 SE2d 802); *Johnson v. State,* 111 Ga. App. 298 (141 SE2d 574); *Stanley v. State,*

129 Ga. App. 759 (201 SE2d 182); *Zimmerman v. State,* 131 Ga. App. 793 (207 SE2d 220), and do not find same to be controlling here. Having found the stolen articles in the storage room it was not unreasonable for the officer to search the dwelling, as well as where other stolen articles were located. The trial court did not err in denying the motion to suppress.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 8, 1982 —
REHEARING DENIED JULY 26, 1982 — 

*Myra H. Dixon,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.