## 71072. WILEY v. THE STATE.
(342 SE2d 342)

SOGNIER, Judge.

Appellant was convicted of a violation of the Georgia Controlled Substances Act by possession with intent to distribute marijuana, and appeals.

1. Appellant contends the evidence is not sufficient to sustain the conviction. The evidence disclosed that appellant's residence was searched pursuant to a warrant and 51 packets of marijuana and some scales were found in a sack by the bed in which appellant was lying. About $7,000 in cash was also found in his bedroom. After being advised of his rights appellant stated: "I'm only into selling Ten and Fifteen Dollar lids, and what you've got is my only stash. You can search anywhere else and you won't find nothing. I'm small time." Appellant denied making these remarks, and testified that the bag containing marijuana was delivered to Cheryl (a girl staying at appellant's residence) by one Jimmy Pritchett, and Cheryl put the bag under appellant's bed for safekeeping.

Despite appellant's denial of possession of the marijuana, the weight of the evidence and the credibility of the witnesses are questions for the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). Thus, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by allowing the State to introduce evidence of appellant's bad character when appellant had not placed his character in issue. This enumeration is based on introduction of a State exhibit entitled "Arrest Booking Report." The document was introduced in rebuttal for the sole purpose of showing

appellant's weight as 480 pounds on May 4, 1984. Appellant's objection to the State's witness reading from the report was sustained, and pursuant to the court's order the prosecuting attorney cut off all portions of the document except the portion showing appellant's vital statistics. The document was then offered and admitted into evidence without objection. At no time did appellant object to the exhibit on the ground that it improperly placed his character in issue, and it is well settled that this court will not consider questions raised for the first time on appeal. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

3. Appellant contends he was denied effective assistance of counsel because his attorney did not challenge the evidence presented in this case. Appellant's primary argument is that his counsel did not make a motion to suppress evidence seized in the search of his residence.

We will not speculate as to whether appellant's counsel should have filed a motion to suppress as there is nothing in the record or transcript to shed light on appellant's contention. The decision on what trial motions should be made, as well as other strategies and tactical decisions, are the exclusive province of counsel after consultation with his client. *Hawes v. State*, 240 Ga. 327, 330 (240 SE2d 833) (1977); *Austin v. Carter*, 248 Ga. 775, 779 (285 SE2d 542) (1982).

In *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), the court held that in order to show ineffective assistance of counsel, an appellant must show first, that counsel's performance was deficient, and second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Applying this standard to the facts of the instant case we find nothing deficient in counsel's performance, and no prejudice resulting to appellant from his counsel's performance at trial. The fact that appellant's trial counsel chose to try the case in the manner in which it was tried, and made decisions regarding defense tactics with which appellant and his current counsel now disagree, does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel. *Lewis v. State*, 246 Ga. 101, 105 (3) (268 SE2d 915) (1980).

4. Appellant contends the trial court erred in its charges to the jury on intent and the presumption of ownership, thereby shifting the burden of persuasion to appellant. The court charged the jury on intent, in pertinent part: "I charge you that intent to commit the crime charged . . . is an essential element that the State must prove beyond a reasonable doubt. A person will not be presumed to act with criminal intention, but the tryor (sic) of facts; that is, the jury, may find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which

the accused is prosecuted." Appellant's contention that such a charge is burden shifting has been decided adversely to him in *Lawrence v. State*, 165 Ga. App. 151, 152 (1) (299 SE2d 126) (1983).

In regard to ownership, the court charged: "I charge you that if you find that a person owns a house or premises you would be permitted, but you would not be required to infer that such person is in possession of the entire premises and all of the property thereon or therein. This is a rebuttable inference and it may be overcome by evidence in the case that others had access to the premises. Whether or not this inference is drawn from proof that a person is the owner of a house or premises and whether or not the inference, once it is drawn, has been overcome by proof that others had access to the premises are questions for you alone to determine. I charge you in that connection that if you find that the house or premises were used by others with the Defendant, such evidence would not alone authorize a conviction, but such a fact, if it is a fact, should be considered by the jury together with all of the evidence in the case in passing on the guilt or innocence of the Defendant."

Appellant argues that this charge left the jury with the impression that appellant had to persuade it of his innocence, and violated the principle that the State must prove every element beyond a reasonable doubt.

The charge here was couched in the language of a permissive inference, *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) and also instructed the jury that if the house or premises was used by persons other than appellant, evidence of ownership alone would not authorize a conviction. Since there was ample evidence that persons other than appellant were co-owners and/or lived in the premises with appellant, the charge was based on the evidence and was a correct statement of the law. See *Fears v. State*, 169 Ga. App. 172, 173 (1) (312 SE2d 174) (1983); *Benson v. State*, 172 Ga. App. 135, 136 (322 SE2d 339) (1984). Accordingly, we find no error in the charge.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 17, 1986 —
REHEARING DENIED MARCH 7, 1986.

*Stephen M. Friedberg, David N. Vaughan, Jr., Donald J. Stein*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.