43013. HAMILTON v. THE STATE.
43014. FORTSON v. THE STATE.
(339 SE2d 707)

MARSHALL, Presiding Justice.

The appellants, Henry Albert Hamilton and Michael Fortson, were indicted for the criminal attempt to commit armed robbery and for the murder of Stephen L. Hynes. Following a joint trial by jury, they were convicted of felony murder, and received sentences of life imprisonment. They appeal from these convictions. We affirm.[1]

On the evening of May 28, 1983, the victim and his fiancée, Catherine Moore, were preparing to have dinner on the sidewalk outside her apartment door which she used as a patio, the couple having been talking and drinking beer and champagne there for about 45 minutes. Catherine testified that, when she heard a "soft creeping sound," she turned to see a male crouching down with a silver revolver, who stated, "Don't look at me; don't look at me." He then said, "You can

---

[1] The murder occurred on May 28, 1983. The date of conviction was November 28, 1983. The appellants filed a motion for new trial on December 14, 1983. The transcript was filed on January 13, 1984. The motion for new trial was heard on March 23, 1984, and overruled on October 4, 1985. Notices of appeal were filed on October 9, 1985. The appeals were docketed in this court on December 17, 1985, and argued on February 11, 1986.

come on down, buddy," whereupon a second male emerged from the bushes in a few seconds. Stephen and Catherine stood up when the armed intruder gave instructions that "we are going to enter the apartment now." Stephen held Catherine's arm, and they ran for about 10 yards, at which time two or three gunshots were fired, and they both fell. Catherine testified that she got up and, when she looked back, saw the assailant shoot her fiancé, who was facing him.

There was evidence that appellant Fortson sustained gunshot injuries to his leg, which he explained to a witness as having happened accidentally while appellant Hamilton was shooting victim Hynes. Expert testimony confirmed other evidence that the victim was killed by a .38 caliber bullet entering the chest from the rear. Another bullet recovered from the victim's body was also .38 caliber, but had been fired from a different revolver. Identification of the appellants as the assailants was made by Miss Moore from a police lineup, as well as from a hat and samples of hair, blood and saliva from the crime scene.

1. The appellants' first enumeration of error argues that their due-process guarantee of a fair trial was violated by the admission of highly unreliable eyewitness testimony produced by impermissibly suggestive identification procedures utilized by the state. This argument rests upon the assertion that witness Moore was shown photographic displays or arrays containing photographs of the appellants (driver's license photos, as contrasted with mug shots of the other subjects) and was unable to identify the appellants, and that a week or ten days later, she identified the appellants (who were the only subjects whose photographs had been included in the photographic array) out of a police corporal lineup. By itself, this procedure was not impermissibly suggestive. See *Thornton v. State*, 238 Ga. 160 (1) (231 SE2d 729) (1977) and cits.

Nor were the identifications unreliable under the totality of the circumstances. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972). Miss Moore's uncertainty as to the assailants' descriptions on the night of the crime is understandable in view of her having just experienced the trauma of the murder of her fiancé. Her identification at the corporal lineup was immediate and definite and, she testified, based upon her independent recollection. The lineup was only a month after the murder. There was evidence that she had had about five minutes to view both assailants at the well-lighted crime scene. Although she had been drinking, she had consumed only a half a glass of champagne. There was evidence that one of the assailants was wearing a hat (rather than a mask or hood as the appellants contend, which would have covered his face). Whatever conflicts in the evidence on the identity of the appellants as the murderers existed were resolved by the jury against the appellants. The evidence au-

thorized the finding that they were the perpetrators, and shows that there is no likelihood of irreparable misidentification. It was not error to deny the motion to suppress the identification.

2. The appellants' second enumeration of error contends that, by having been required improperly to proceed with joint representation at trial, over timely objection, they were deprived of their constitutional right to effective assistance of counsel. They argue that whenever a trial court improperly requires joint representation over timely defense objection, reversal is automatic, citing *Holloway v. Arkansas*, 435 U. S. 475, 478 (98 SC 1173, 55 LE2d 426) (1978); *Dean v. State*, 247 Ga. 724 (279 SE2d 217) (1981); *Brown v. State*, 247 Ga. 298 (2) (275 SE2d 52) (1981). They urge that, because of divided loyalties, counsel failed to cross-examine as to questionable testimony that implicated one or the other appellant.

A claim of denial of effective assistance of trial counsel may not be raised for the first time on direct appeal. *Williams v. State*, 254 Ga. 6, 10 (6) (326 SE2d 444) (1985) and cit. " '(I)n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.' *Cuyler v. Sullivan*, 446 U. S. 335 (100 SC ___, 64 LE2d 333) (1980); *Fleming v. State*, [246 Ga. 90 (270 SE2d 185) (1980)]. 'A mere possibility of conflict is insufficient to impugn a criminal conviction amply supported by competent evidence.' *Montgomery v. State*, 156 Ga. App. 448, 454 (1980)." *Brown v. State*, supra (2). Single representation of multiple defendants raises no per se presumption of conflict of interest or prejudice. *Cuyler v. Sullivan*, supra, p. 348.

In the case under review, prior to the trial, the appellants desired single trial counsel; separate trial counsel was not requested until the day of the trial; the assistance of the public defender's office was provided at the trial; and the appellants fully and adequately presented and supported their alibi defenses. No material prejudice has been demonstrated. This enumeration of error is without merit.

3. The appellants' third enumeration of error contends that they were improperly convicted of felony murder, as they were indicted only for the offenses of malice murder and attempted armed robbery, and thereby allegedly received no notice as to their possible conviction of felony murder, citing *Crawford v. State*, 254 Ga. 435 (1) (330 SE2d 567) (1985) and cits. However, the indictment informed the appellants of a possible felony-murder conviction by alleging that the malice murder was caused by shooting with a handgun and also by alleging the underlying felony which could serve as the basis for a felony conviction. *Jolley v. State*, 254 Ga. 624 (2) (331 SE2d 516) (1985) and cits. This enumeration of error is without merit.

4. The trial court did not err by denying the appellants' non-spe-

cific requests for expert assistance in the absence of a proper showing of a need for such assistance. *Conklin v. State*, 254 Ga. 558, 566 (4) (331 SE2d 532) (1985), citing *Sabel v. State*, 248 Ga. 10 (282 SE2d 61) (1981), and *Ake v. Oklahoma*, 470 U. S. ___ (106 SC 1087, 84 LE2d 53) (1985). The trial court had already granted the appellants the right to conduct an independent analysis of scientific evidence in the possession of the State Crime Lab. The evidence was available for review; the appellants made no detailed statement as to what experts they wished to have examine what evidence; and counsel acknowledged that he had been investigating the case. Enumeration 4 is without merit.

5. During cross-examination of Calvin Fletcher, the appellants' counsel first attempted to ask the witness about pending charges in a DeKalb County case. After being cautioned by the court that a certified copy of a conviction was necessary to impeach the witness, counsel stated that the purpose of the line of questioning was to show that the witness received favorable treatment from the state, and counsel was permitted to further question the witness regarding his DeKalb County conviction. When counsel, in repetitive questioning, attempted to argue that the witness should not be afraid of other prisoners in jail, the court sustained an objection to the line of questioning, properly holding that the witness' fear of other prisoners in jail was irrelevant unless counsel could relate that fear or hostility to the appellants at trial. The trial court permitted a full opportunity to cross-examine the witness regarding all relevant information, and did not abuse its discretion in limiting cross-examination as above indicated. See *Williams v. State*, 254 Ga. 6, supra, (8) and cit. Enumeration 5 is without merit.

6. The appellants contend that it was error for the trial court to allow in evidence similar criminal acts.

"Evidence of independent crimes is admissible to show motive or intent where the state shows that the defendant committed the independent crime and a similarity or connection between that crime and the crime at issue. *Gladson v. State*, 253 Ga. 489, 492 (322 SE2d 45) (1984)." *Mitchell v. State*, 254 Ga. 353, 356 (8) (329 SE2d 481) (1985). The state satisfied these requirements by proof of previous crimes (armed robbery and aggravated assault) which were sufficiently similar, in that the appellants had held cocked weapons on the victims and told them, in effect, not to look at them. Enumeration 6 is without merit.

*Judgment affirmed. All the Justices concur, except Gregory, J., who concurs in the judgment only.*

DECIDED FEBRUARY 25, 1986.

*Frank L. Derrickson, August F. Siemon III,* for appellants.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General,* for appellee.