## A89A2049. WARD v. THE STATE.
### (393 SE2d 21)

CARLEY, Chief Judge.

Appellant and his wife were jointly tried before a jury and were found guilty of simple possession of cocaine and possession of marijuana with intent to distribute. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant and his wife were represented by the same counsel. It was only in appellant's motion for new trial that he first objected to this simultaneous representation and urged that it denied him effective assistance of counsel. The trial court's refusal to grant appellant a new trial on this ground is enumerated as error.

"Where[, as here,] the issue is not timely raised, only in the most flagrant of cases can it be held error for the court to fail to interject itself in the case and *sua sponte* to appoint new counsel for one or more defendants where its intervention has not been sought. . . . It would indeed take a strong case to require intervention by a judge between a defendant and his counsel when the issue had not been raised by the parties involved. . . ." *Graham v. State*, 152 Ga. App. 233, 238 (3) (262 SE2d 465) (1979). "[I]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance, and a mere possibility of conflict is insufficient to impugn a conviction amply supported by competent evidence. Further, single representation of multiple defendants raises no per se presumption of a conflict of interest or prejudice. [Cit.]" *Blasengame v. State*, 187 Ga. App. 501, 502 (1) (370 SE2d 797) (1988).

" '(T)he court should inquire, "Did the representation deprive either or both of the defendants of the undivided loyalty of counsel? Did counsel have to, or did he in fact, slight the defense of one defendant for . . . another?" (Cit.)' [Cit.]" *Barnes v. State*, 160 Ga. App. 232, 233 (286 SE2d 519) (1981). " 'An actual conflict exists if counsel's introduction of probative evidence or plausible arguments that would significantly benefit one defendant would damage the de-

fense of another defendant whom the same counsel is representing.' [Cits.]" *Weeks v. State*, 190 Ga. App. 373, 374 (1) (378 SE2d 895) (1989).

" '(T)o justify separate counsel, the conflict may not be merely theoretical or speculative, but must have some substantial basis in fact.' [Cit.]" *Acierno v. State*, 176 Ga. App. 600, 601-602 (3) (337 SE2d 39) (1985). The record in this case clearly shows that there was no genuine inconsistency between the defenses of appellant and his wife. See *Graham v. State*, supra at 236 (3). Counsel was free to investigate and present a defense for each of his clients without damaging the defense of the other and the record shows that he vigorously did so. See *Barnes v. State*, supra at 233; *Davis v. State*, 129 Ga. App. 796, 800 (1) (201 SE2d 345) (1973). The instances of alleged conflict of interest cited by appellant are, at most, speculative and have no substantive basis in fact. *Acierno v. State*, supra. It follows that the trial court did not err in denying appellant's motion for new trial on the ground of his trial counsel's conflict of interest.

2. Appellant enumerates as error the denial of his motion to suppress evidence which he asserts was seized in a warrantless entry of his motel room.

Contrary to appellant's assertion, no evidence was seized from his motel room until a search warrant had first been obtained. The record shows the following: Appellant's wife requested that an ambulance be sent to their motel room for her husband. Pursuant to standard procedure, a police officer was also dispatched to the scene. The emergency medical technician requested that the officer enter the motel room in order to assist him. As he entered, the officer saw drug paraphernalia in plain view on the table. Appellant's wife voluntarily handed the officer a package of cocaine which he placed on the table. No evidence was seized from the room without a warrant. Rather, another police officer was placed at the door to secure it until a warrant was obtained.

The officer's initial entry into the motel room was justified by the reasonable belief that a person within was in need of immediate aid. See *Coker v. State*, 164 Ga. App. 493, 496-97 (5) (297 SE2d 68) (1982). Thereafter, "instead of seizing the property, he . . . obtained a search warrant based upon probable cause and then, armed with the search warrant, returned and properly conducted a search. Being in reasonable belief that [a person within was in need of immediate aid], the officer had authority to enter the [motel] room. [Cit.] Having observed the [contraband] in plain view from a position where he had a lawful right to be, the subsequent recovery of the property was not improper. [Cit.] The officers were authorized to seize all the items as tangible evidence of the commission of the crime for which probable cause was shown. [Cits.] . . . The trial court did not err in denying

the motion to suppress." *Reed v. State*, 163 Ga. App. 233, 234-35 (293 SE2d 469) (1982).

3. Appellant enumerates the general grounds, asserting that the evidence was insufficient to authorize his conviction for possession of marijuana with intent to distribute.

Not only did the officers find a large amount of drug paraphernalia, including scales, they also found some 50 grams of marijuana, which was individually packaged, several guns and $1,724 in cash. "[A]lthough 'mere possession of contraband without more will not serve as the basis for a conviction for possessing contraband for purposes of sale, (cit.),' [cit.], [the evidence in this case does] give rise to a reasonable inference that appellant possessed the [marijuana] with the intention of distributing it. [Cit.]. . . . We find the evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged violations of OCGA § 16-13-30. [Cits.]" *Doe v. State*, 189 Ga. App. 793, 795 (377 SE2d 546) (1989). See also *Midura v. State*, 183 Ga. App. 523 (1) (359 SE2d 416) (1987); *Wiley v. State*, 178 Ga. App. 136 (1) (342 SE2d 342) (1986).

4. The trial court ordered that the seized currency be applied against appellant's fine. This ruling is enumerated as error.

"[T]here is a 'power inherently existing in the [c]ourt' to issue a writ of execution for the purpose of collecting a fine from a criminal defendant. In our view, the trial court in the instant case possessed the inherent power to enter an order directing in effect, that the . . . money in *custodia legis* be used to pay appellant's fine. Further legal action was unnecessary. [Cit.] . . . [W]e need not determine at this time whether, in the absence of statute, . . . money in excess of the maximum fine . . . is subject to confiscation. The . . . money in this case did not exceed the maximum fine. Regardless of whether the . . . money [is subject to forfeiture pursuant to OCGA § 16-13-49 (a) (6)], the trial court's order in the instant case did not result in a forfeiture." *Hall v. State*, 155 Ga. App. 724, 726 (5) (272 SE2d 578) (1980).

*Judgments affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur on the Federal constitutional basis of *Cuyler v. Sullivan*, 446 U. S. 335 (100 SC 1708, 64 LE2d 333) (1980). See also, for application, *Brown v. State*, 247 Ga. 298, 299 (2) (275 SE2d 52) (1981) overruled on other grounds, *Wilson v. Zant*, 249 Ga. 373, 380 (2) (290 SE2d 442) (1982); *Hamilton v. State*, 255 Ga. 468, 470 (2) (339 SE2d 707) (1986). Cf. *Wood v. Georgia*, 450 U. S. 261 (101 SC 1097, 67 LE2d 220) (1981).

DECIDED MARCH 13, 1990 —
REHEARING DENIED MARCH 28, 1990.

*Bailey & Bearden, J. Lane Bearden,* for appellant.
*Darrell E. Wilson, District Attorney, Suzanne Hayes, Assistant District Attorney,* for appellee.