A92A2194, A92A2195. AVANS v. THE STATE (two cases).
(427 SE2d 826)

CARLEY, Presiding Judge.

Appellants, who are husband and wife, were tried jointly before a jury and found guilty of possession of marijuana with intent to distribute. The trial court entered judgments of conviction and sentences on the jury's guilty verdicts and appellants filed separate notices of appeal. The two appeals are hereby consolidated for disposition in this single opinion.

1. Only Mr. Avans enumerates the general grounds.

"Contrary to [Mr. Avans'] argument that no evidence showed he had knowledge of the contraband or the power or intention to control it, and that it could have been the property of someone else . . . , [about one-half pound of marijuana] was found in the closet of his bedroom[, which Mr. Avans admittedly used,] and consequently [there is evidence that] he had at least joint constructive possession of the contraband, along with his wife. . . . 'We must view the evidence in a light most favorable to the verdict and, in doing so, we conclude that the evidence was sufficient to exclude every *reasonable* hypothesis save ([Mr. Avans']) guilt and that any rational trier of fact could have found ([Mr. Avans]) guilty beyond a reasonable doubt. (Cits.)' [Cit.]" (Emphasis in original.) *Jackson v. State*, 188 Ga. App. 834, 838 (4) (374 SE2d 777) (1988). See also *Luke v. State*, 178 Ga. App.

614, 615 (1) (344 SE2d 452) (1986); *Barnes v. State,* 175 Ga. App. 621 (1) (334 SE2d 205) (1985); *Anderson v. State,* 166 Ga. App. 459, 460 (3) (304 SE2d 550) (1983).

2. Both appellants contend that they were denied effective assistance of trial counsel because witnesses were not called to testify to their good character.

The record does contain the affidavit of *one* witness who was subpoenaed and present at the trial and would have testified to appellants' good character. Compare *Ponder v. State,* 201 Ga. App. 388, 389 (1) (411 SE2d 119) (1991). However, "there is no indication in the record on appeal as to whether [the failure to call this witness] reflects some deficiency on the part of trial counsel. . . . For example, trial counsel may have been reluctant to introduce evidence which . . . may have [deprived appellants of the right to open and conclude the argument to the jury. See OCGA §§ 17-8-71; 24-9-20 (c)]. Tactical decisions are the exclusive province of the lawyer after consultation with his client. [Cit.]" *Scapin v. State,* 204 Ga. App. 725 (420 SE2d 385) (1992). What the record does indicate is that the failure to call the character witness was indeed a trial tactic rather than a deficiency. It shows that trial counsel was relying upon appellants' *own* testimony to raise the good character defense. See *Chastain v. State,* 200 Ga. App. 473 (1) (408 SE2d 421) (1991); *Braddy v. State,* 172 Ga. App. 386, 389 (2) (323 SE2d 219) (1984), aff'd 254 Ga. 366 (330 SE2d 338) (1985). Employing this tactic, trial counsel would be able to raise appellants' good character defense without foregoing the right to opening and closing argument.

"When there is nothing in the record to support the contention of error, there is nothing presented for appellate review. [Cit.] Any transcript . . . of the hearing on [appellants'] motions for new trial . . . [is] absent from the record on appeal. The only evidence in the record on [this point] is the [affidavit mentioned above], submitted by [appellants] in support of [their] post trial motions." *Scapin v. State,* supra at 725-726. Appellants have " ' "made no affirmative showing that the purported deficiencies in [their] trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy." (Cit.)' [Cit.]" *Ponder v. State,* supra at 389 (1). "The evidence of record was not sufficient to compel a finding that trial counsel's performance was deficient or that any deficiency of trial counsel prejudiced the defense. The trial court's finding that [appellants were] afforded effective assistance of counsel must be upheld since it is not clearly erroneous. [Cit.]" *Scapin v. State,* supra at 726.

3. "Although appellant[s'] trial counsel filed [an omnibus motion incorporating] several pre-trial motions, a motion to suppress the [marijuana] found in [Mrs. Avans' pickup truck] at the time [appel-

lants' home was searched] was not one of them. The failure to have filed such a motion is urged as demonstrating that appellant[s'] Sixth Amendment rights were violated. The question of whether the admission of reliable-but-illegally seized evidence can ever satisfy the 'prejudice' component of the requisite test for ineffectiveness claims appears to be [still] unresolved. [Cit.] However, it is clearly settled that the mere 'failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel. . . .' [Cit.] The record in the instant case clearly shows that if the [marijuana] seized from [Mrs. Avans' truck] had 'been suppressed, the State under the evidence in this case would still have proven each and every essential allegation of the crime alleged. . . .' [Cit.]" *Ponder v. State*, supra at 390 (2). This is true because appellants make no contention that a larger amount of marijuana found in the bedroom closet or the two sets of triple beam scales found in the kitchen should have been suppressed. Thus, even though a motion to suppress the marijuana found in Mrs. Avans' truck may have been meritorious (see *Landers v. State*, 250 Ga. 808 (301 SE2d 633) (1983)), the failure to have filed such a motion clearly does not satisfy "the 'prejudice' component of the requisite test for ineffectiveness claims. . . ." *Ponder v. State*, supra at 390 (2).

4. In this case, trial counsel's joint representation of both appellants did not result in a denial of Mr. Avans' right to effective assistance of counsel. *Ward v. State*, 195 Ga. App. 166 (1) (393 SE2d 21) (1990). Mr. Avans' defense was fully presented and Mrs. Avans' testimony was exculpatory of her husband. See *Barnes v. State*, 160 Ga. App. 232, 233 (286 SE2d 519) (1981).

*Judgments affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 10, 1993.

*Cook & Palmour, L. Branch Connelly*, for appellant (case no. A92A2194).

*Cook & Palmour, W. Benjamin Ballenger*, for appellant (case no. A92A2195).

*Ralph L. Van Pelt, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.